The witness cannot successfully avoid examination by staying in Mexico. The defendant may proceed under Rule 31. Subdivision (a) of this rule provides: "A party desiring to take the deposition of any person upon written interrogatories shall serve them upon every other party with a notice stating the name and address of the person who is to answer them and the name or descriptive title and address of the officer before whom the deposition is to be taken." It will be observed that Rule 30(b) vests in the court the authority to order the deposition to be taken "on written interrogatories".

■ The witness Paul Somlo is not an officer of the plaintiff; at least it does not appear at this time that he is. A mere witness, as distinguished from a party or an officer of a party, may be compelled to submit to examination pursuant to Rule 26, but his attendance may be compelled only by subpoena issued and served in accordance with Rule 45(d). It appears from the affidavit that this witness is also a resident of Mexico.

■ The motion to compel the plaintiff to produce the witnesses will be denied but without prejudice to the right of the defendant to proceed under the appropriate rule.

Walter & Walter, Brooklyn, N. Y., for plaintiff.

Stillman & Stillman, New York City, for defendants.

McGOHEY, District Judge.

■■ The plaintiff having brought suit here cannot now complain that he is required to be examined here. But the time of his examination should be fixed so as not to require him to break existing commitments in Mexico. Accordingly, the motion to set aside the notice for his examination here is denied. But the examination will not be held until the second week of December, 1950. Furthermore, it will be held at the United States Court House in this district unless the parties agree on some other place. The motion to require defendants to defray plaintiff's expenses is denied.

The notice calls for production of documents containing and relating to the contract alleged to have been breached by the

---

## SEKELY v. SALKIND et al.

United States District Court
S. D. New York.

Nov. 6, 1950.

504

defendants. Plaintiff urges that production cannot be required by notice under the rules, but only by order on a motion under Fed.Rules Civ.Proc. rule 34, 28 U.S. C.A.

█ The notice is sufficient to require production. Smith v. Bentley, D.C.S.D. N.Y., 9 F.R.D. 489, 490. The documents are clearly relevant and material, and there is obviously good cause for their inspection and discovery. Accordingly, as Judge Koscinski did in Society of Independent Motion Picture Producers v. United Detroit Theatres Corporation, D.C.E.D. Mich., 8 F.R.D. 453. I will consider the notice as a motion under Rule 34 and order the production, examination and inspection of the documents specified in the notice.

Submit order.

## FLOE v. PLOWDEN.

### C. A. No. 2592.

United States District Court
E. D. South Carolina.
Charleston Division.
Oct. 20, 1950.

See also D.C., 10 F.R.D. 514.