**V. O. MACHINOIMPORT v. CLARK EQUIP-MENT CO. et al.**

No. 47–775.

United States District Court
S. D. New York.

Jan. 19, 1951.

Wolf, Popper, Ross & Wolf, New York City, Paul L. Ross, New York City, of counsel, for plaintiff.

Lord, Day & Lord, New York City, Thomas F. Daly, New York City, of counsel, for defendant Clark Equipment Co.

WEINFELD, District Judge.

The plaintiff is a commercial organization existing under the laws of the Union of the Soviet Socialist Republics with its principal office in Moscow, U. S. S. R. It neither engages in nor does it have a place of business in the United States. All of its officers and employees are citizens and residents of Russia and all records and documents pertaining to the present action are located in Moscow.

In July 1946, following negotiations conducted principally in Washington, D. C., through representatives of the Soviet Purchasing Commission, plaintiff entered into a written agreement with the defendant, Clark Equipment Company, a Michigan corporation. The agreement was executed on behalf of the plaintiff by two of its employees under a power of attorney.

In substance, the Clark Company agreed to make available to plaintiff's representatives its engineering knowledge and skill

in the design and manufacture of rear axle housings for trucks; to purchase or manufacture material and equipment for shipment to plaintiff for the assembly and operation in Russia of a complete plant for the manufacture of axle housings. Plaintiff was to pay Clark a technical fee of $750,000, of which in fact it paid $650,000, in addition to all amounts expended for the purchase and manufacture of machinery and equipment.

After the contract had been in effect for a period of time an embargo was placed on shipment to Soviet Russia of the type machinery involved herein. When the embargo was imposed approximately $1,500,000 of machinery purchased by Clark had already been forwarded to plaintiff in Russia and only a portion of the materials required to be purchased and shipped, to wit, $192,000, were not deliverable because of the restriction.

Plaintiff commenced this action based upon alleged breach of the contract and frustration thereof by reason of the embargo. It seeks to recover $2,456,496.96 for the return of the technical fee, monies disbursed for equipment purchased or manufactured and shipped to plaintiff which it claims was of no value to it because the undelivered portion of the machinery made it impossible to put into operation in Russia the rear axle housing plant, as well as damages for breach of the contract. The Clark Company denies any breach or that the contract was frustrated and alleges failure on the part of the plaintiff in various respects to perform its obligations thereunder.

The plaintiff also seeks to recover from the defendant, The Chase National Bank of the City of New York, sums which it is claimed were paid by it to the Clark Company contrary to the terms of a letter of credit previously established pursuant to the agreement between plaintiff and the defendant Clark.

The action was commenced in this District on the basis of diversity of citizenship.

An application by Clark to transfer to the Western District of Michigan, which is its home office and where its principal place of business is conducted, was denied.

The plaintiff had a rather extensive examination of the defendant Clark, lasting over a period of four days, during the course of which officers and employees were thoroughly examined and many documents produced. Upon the conclusion of that examination the defendant served notice to take the deposition of the plaintiff, designating nine separate individuals as president or "officer, director or managing agent of the plaintiff; all of the above being residents of the U. S. S. R." as the persons to be examined. The place of the proposed examination is New York City.

The present motion by the plaintiff is for an order modifying and limiting such proposed examination in the following respects:

(1) That no oral examination be taken of the named individuals on the ground that none is an officer, director or managing agent of the plaintiff with the exception of S. Mkrtumov, admittedly the president,[1] and that he be not examined orally in New York City because of his residence in Russia, and his further lack of participation in any of the transactions at issue;

(2) That if the defendant desires to take the deposition of the others, that is, those asserted not to be officers, directors or managing agents, such depositions be limited to written interrogatories under letters rogatory;

(3) Limiting the depositions to interrogatories to those matters not previously covered by answers of plaintiff to interrogatories previously served by the defendant under Rule 33, Fed.Rules Civ.Proc. 28 U.S.C.A., and, finally,

(4) That defendant be ordered to pay expenses and attorney's fees which may be incurred by plaintiff by reason of any order entered herein.

In essence, the basis of the motion is the alleged hardship and burden upon the plain-

---

1. Dimitry Bagrov was also acknowledged on the argument of the motion and in a reply affidavit to be an officer, to wit, deputy president, discussed hereinafter.

tiff if the foreign nonresident persons are required to appear in New York City for examination and to produce thereat all its books and records; further, it is urged that written interrogatories will serve defendant's purpose as well as an oral examination and so the Court is pressed to exercise its power to restrict the examination as to place and manner under Rule 30(b) of the Federal Rules of Civil Procedure. The facts do not warrant the limitation requested.

Plaintiff selected our Courts as its forum and acquired jurisdiction over the defendants in this District. True, as it claims, there was no other means open to it to sue the defendants, but it has an opportunity to litigate its claim in accordance with the principles inherent in our system of laws and jurisprudence. Sekely v. Salkind, D. C., 10 F.R.D. 503.

■ Pursuant to our procedures, plaintiff had a full and unrestricted oral examination of the defendant by its officers and employees. Simple justice and fairness requires that in a matter of this kind the same right be accorded to the defendant. Under ordinary circumstances the advantages of oral examination over the rigidity of written interrogatories are readily acknowledged. Cross-examination of a witness who may be evasive, recalcitrant or non-responsive to questions is an essential in ferreting out facts, particularly of an adverse party or witness.

In this case there is greater need than in the ordinary one for a face-to-face questioning of the plaintiff and its officers. The issues concern technical and complex problems of design and equipment; conformity or nonconformity to specifications; whether the equipment shipped to Russia together with the technical information furnished to plaintiff's representatives who were here, was sufficient to substantially build and put into operation a plant such as was contemplated by the parties.

To suggest that appropriate and searching questions can be framed and answers relied on to furnish the defendant the information to which it is entitled is to underestimate the nature of the issues and the problems of proof involved herein. An oral examination is clearly indicated. To deny it would result in serious prejudice to the defendant. As between the hardship or inconvenience to the plaintiff and the prejudice which may be worked to the defendant's position, it follows that plaintiff having selected the forum, its convenience and that of its witnesses must yield.

■ There remains the question of the place of examination and the persons to be examined. An open commission to Russia would not meet the problem for a number of reasons. Counsel for plaintiff upon the argument of the motion stated that no outside attorney may conduct or participate in an examination there; he may only observe and not question. Thus the prime purpose in directing the issuance of an open commission would be defeated. From every point of view it would not be practical, assuming problems of visa, safe transport and the like could be arranged for counsel, to require the examination to be conducted in Moscow. The plaintiff experienced little difficulty in sending its representatives here when it sought to obtain the benefits of a contract and the know-how of American industry; it should have no trouble in sending the persons to be examined and the documents which may be required when it is seeking a very substantial recovery from the defendant.

The question remains as to which persons are to be examined. Of all the individuals named only S. Mkrtumov and Dimitry Bagrov are conceded to be officers. Mkrtumov is president but plaintiff contends that he should not be examined because in addition to his residence in Moscow he did not participate in the United States in any transactions involved in the issues herein. The objection is not valid.

Among the issues in the case, and certainly as to which Mkrtumov would have knowledge are whether the material that was shipped was sufficient to have put a plant into operation; whether, in fact, one is now in operation; the extent of plaintiff's efforts to set up the plant; whether plaintiff is engaged in manufacturing rear axle housings and the like. This is information

within his knowledge even though he was not a participant in this country either in the negotiations which led to the contract or thereafter during the time that it was being carried out here.

■ The same is true with respect to Bagrov, who is the deputy president of the plaintiff. He is named in the power of attorney which was his authority to àct for the plaintiff and represent it in this country in the making of the contract. The negotiations leading to the making of the contract become relevant to this action according to plaintiff's counsel. When he examined the defendant he insisted upon inquiring into the negotiations preceding the contract, contending that "our position is with respect to at least one part of the case that the contract and its objectives were frustrated, and I want to show from the preliminary negotiations what the object of the contract was and what the general understanding of the parties concerning it was. * * * such information is properly admissible and for that purpose we seek to explore the initial circumstances as a basis for entering into the contract." In view of the representations so made an extensive examination on the subject was permitted. Defendant should not now be foreclosed from examining the plaintiff's vice president, who was one of the negotiators on the same subject deemed by the plaintiff to be of such vital importance.

A different problem exists, however, with respect to all the others named in the notice to take depositions, each of whom is described as "an officer, director or managing agent of the plaintiff." Defendant urges that the individuals named either conducted top level negotiations in this country leading to the contract or acted at defendant's place of business in Buchanan, Michigan, cloaked with full authority to enter into a contract on plaintiff's behalf or were specifically named as attorneys in fact and generally exercised such powers as to indicate general scope of authority to constitute them managing agents within the purview of Section 26(d) (2) of the Rules of Civil Procedure. That such named persons did exercise the powers ascribed to them and

clearly acted for and on behalf of the plaintiff and were either attorneys in fact or managing agents, admits of little dispute, but the difficulty is that there is no proof that such is their present capacity and under Section 26(d) (2) use of a deposition upon the trial is limited to " * * * one who at the time of taking the deposition was an officer, director, or managing agent of a public or private corporation, partnership, or association * * *." Cohen v. Pennsylvania Railroad Co., D.C., 30 F. Supp. 419. Defendant's assertion that it has been advised that "these men, with the exception of Bagrov and Eremin, were and still are in the employ of the plaintiff" is countered with the statement by plaintiff's counsel "that with the exception of Mkrtumov, who is President, and Bagrov, who is deputy President, none of the other persons named are now or were at the time of service of the notice of deposition officers, directors, or managing agents."

■■ There is insufficient proof of present association with plaintiff on which to base an order directing its appearance by these persons. A serious penalty, including dismissal of the action, may be invoked against a party for the willful failure of an officer or managing agent of a party to appear, Rule 37(d) of the Federal Rules of Civil Procedure. A party should not be directed to appear for examination by an officer, director or managing agent unless the proof is clear that he does occupy that relationship. Accordingly, on this aspect of the motion decision is held in abeyance until the status of all the individuals named in the notice (other than Mkrtumov and Bagrov) is clarified. Counsel for plaintiff is requested to submit within five (5) days a statement furnishing such information.

■ The defendant is not without remedy. It has also requested that the plaintiff be examined by the vice presidents, treasurers, secretaries and managing agents of the plaintiff and by persons performing under any other title the functions corresponding thereto whose names and addresses are unknown to the defendant. This was a proper description under Rule 30(a) and counsel is also requested to submit the

names of all persons now holding such positions within the same five-day period.

. The Court by this ruling does not hold that all of those who may be ascertained to be managing agents or other officers than the president or deputy vice president will necessarily be required to submit for examination here and it is not intended that every named officer or managing agent shall be examined. Determination will be held in abeyance pending receipt of the information so requested.

In the meantime, the motion is granted to the extent of directing the examination of plaintiff by Mkrtumov, its president, and Bagrov, its deputy vice president, at the United States District Court House for the Southern District of New York, New York, or at such other place as the parties may agree, at a time to be designated in the order to be entered herein.

The parties may, if they so stipulate, agree to substitute others in place of the foregoing, conditioned upon the appearance here of such other persons. If difficulties develop in the admission into this country of the witnesses to be examined, the parties may apply for further directions at the foot hereof.

[7, 8] Plaintiff's request for its expenses and counsel fee is denied. It is seeking a substantial recovery and should bear the necessary expense of litigation. As it has been aptly stated: "Every law suit is burdensome and expensive to the party litigants, but where it is found necessary to bring about a fair, impartial and thorough administration of justice, all sources of information must be made available regardless of expense or inconvenience resulting therefrom." Hirshhorn v. Mine Safety Appliances Co., D.C., 8 R.R.D. 11, 23; Fruit Growers Co-op v. California Pie & Baking Co., D.C., 3 F.R.D. 206, 207.

One other item remains—that aspect of the motion which requests that the deposition be limited to such matters as were not covered by defendant's interrogatories under Rule 33 and answered by plaintiff. The new rules, as is well recognized, are liberal and were intended to "invest the deposition-discovery process

with a vital role in the preparation for trial. * * * The deposition-discovery rules create integrated procedural devices." Hickman v. Taylor, 329 U.S. 495, 501, 505, 67 S.Ct. 385, 388, 91 L.Ed. 451. The sections are complementary to one another and the use of one does not restrict the further use of the other on the same subject matter. The various sections may be used independently, simultaneously or consecutively as required. Hawaiian Airlines v. Trans-Pacific Airlines, D.C., 8 F.R.D. 449.

The motion is denied except as otherwise indicated herein.

Settle order on notice.