124

## SOCHA v. WEBBER.

### No. A–6420.

United States District Court
D. Alaska, Third Division. Anchorage.
March 1, 1951.

Herman H. Ross, Anchorage, Alaska, for plaintiff.

Plummer & Arnell, Anchorage, Alaska, for defendant.

DIMOND, District Judge.

Defendant has moved that the complaint be stricken and the action dismissed "for the reason that the plaintiff has wilfully failed to appear before Oren J. Casey at the time and place scheduled for the taking of his deposition". Rule 37(d) Civil Rules of Federal Procedure, 28 U.S.C.A., provides that such action may be taken.

Plaintiff claims that the plaintiff was not required to appear for the taking of deposition since notice of it was not properly given. The alleged defects are discussed below:

(1) Plaintiff claims that the notice was defective since it was not served directly on him, but on his attorney.

Rule 5(b) F.R.C.P. provides: "Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party himself is ordered by the court."

Plaintiff's contention that Rule 5 does not apply to proceedings with respect to depositions is readily answered by a decision of the Ninth Circuit Court of

·Appeals, 'Collins v. Wayland, 1944, 139 F.2d 677, 678, certiorari denied 322 U.S. 744, 64 S.Ct. 1151, 88 L.Ed. 1576. In that case a notice to take a deposition of a party was ignored; a motion was filed by the party serving the notice under Rule 37(d), and the Court ordered that unless the party appeared at a time specified by the Court for taking the deposition the complaint would be dismissed. The party also ignored the order of the Court and the complaint was dismissed. The Court states:

"The notice was dated November 6, 1942, and was served[2] on November 7, 1942. * *

"The appeal is a frivolous one. The notice for taking appellant's deposition was a proper notice and was properly served."

Footnote 2 states: "Service was made on appellant's attorney as provided in Rule 5(b) of the Federal Rules of Civil Procedure, * * *."

(2) Plaintiff further alleges the insufficiency of the notice in that it set the time of hearing at 8:00 o'clock in the evening without consulting him or his attorney.

Nothing on this point was found in the several textbooks on the subject referred to. It may be pointed out that the Court had made a minute order that the time for the taking of the deposition should be set at a time convenient to the court reporter. (Minute Order dated December 15, 1950) Since the court reporter is normally in court for a considerable part of each court day, it would appear that 8:00 o'clock was a convenient time for the court reporter and reasonable as to the parties. If the hour was inconvenient, request should have been made for some change. No such request was made.

(3) Plaintiff also alleges the notice was insufficient since it merely stated that the hearing would be held in the Federal Building which, he claims, is too indefinite.

This appears to be a groundless excuse. The following should be an adequate answer: "The general rule is that the place of taking the deposition is sufficiently designated if it can readily be ascertained or identified and it does not appear that the party notified was misled * * *. The office or address where the deposition is to

be taken should be given, but a mistake in this regard is not fatal where the adverse party was not misled." 26 C.J.S., Depositions, § 53(3), p. 862

The motion to strike the complaint and dismiss the action is well taken. But lest injustice be done by granting the motion at the present time, the plaintiff may be afforded another opportunity to appear at a time and place to be designated by the Court and give his deposition as required by law. And if plaintiff again fails or refuses so to do, the complaint may be stricken and the action dismissed.