## No. 16,871.

RESERVE LIFE INSURANCE COMPANY *v.*
DISTRICT COURT ET AL.
(247 P. [2d] 903)

Decided August 18, 1952.

Messrs. WOLVINGTON & WORMWOOD, Mr. FORREST C. O'DELL, for plaintiff.

Messrs. CREAMER & CREAMER, for defendants.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

RESERVE Life Insurance Company, Dallas, Texas, a corporation, sought the issuance of an original writ to show cause, directed to the district court of the City and County of Denver, Honorable William A. Black, Judge of said court, and Mary Frasier—sometimes known as Mary Varnell and as Mrs. Leonard Varnell—to prohibit further proceedings in an action in said district court. A rule to show cause was issued, and the action is now at issue here.

We will refer to the Reserve Life Insurance Company as insurance company, insurer or plaintiff; and to Mary Frasier as the insured, defendant, or by name.

It is alleged and admitted that on September 10, 1951, Mary Frasier began an action in the district court against the insurance company, Dallas, Texas, to recover damages for an alleged breach of a policy of hospital and surgical expense insurance; on January 3, 1952, said insurance company served a notice on Mary Frasier, through her attorneys, to have her deposition taken on January 21, 1952, at 2 o'clock P. M., said notice being in the form provided by rule 30 (a) R.C.P. Colo., and the service thereof being in compliance with the provisions of rule 5 (1) of said rules. Respondent did not appear at the time and place noticed for the taking of her deposition, nor was any motion filed as provided by rule 30 (b) R.C.P. Colo. Plaintiff thereupon filed its motion to dismiss the action under the provisions of rule 37 (d) R.C.P. Colo., which motion was denied. Thereafter, and on March 12, 1952, another notice was served upon the attorney for insured, setting March 20, 1952, at the hour of 1:30 P. M., for the taking of her deposition; again insured failed to appear; and no motion under rule 30 (b) was made or filed. Again the insurance company filed its motion to strike, to dismiss the complaint and

enter judgment in its favor for default by reason of insured's willful failure to appear for the taking of her deposition, and this motion also was denied. The cause in the district court is now at issue and ready for pretrial conference and trial. It is alleged by the insurance company, and denied by insured, that irreparable and prejudicial damage will occur to the insurance company if it is forced to a pretrial conference and trial without the deposition of insured, and that the insurer is without a plain, speedy or adequate remedy at law in the premises.

In her answer insured alleges that she is a resident of Alamosa, Colorado; is impecunious and unable to bear the expense of travel and maintenance for her appearance in Denver to have her deposition taken; that no subpoena has been served upon her; no witness fees or mileage offered her; and that she consents to have her deposition taken in Alamosa, Colorado; that she is desperately in need of the proceeds of her policy in order to pay her just debts for hospitalization. Insured further alleges that the court suggested to the insurance company that it consent to the taking of her deposition in Alamosa, but that the insurance company declined so to do.

It is obvious that insured might have instituted her action in the City and County of Denver, or in Alamosa county, the county of her residence, either county being a proper county in which to maintain the action. For reasons of convenience to either the insured or her attorney, her action was brought in the City and County of Denver.

Rule 5 (b) (1), R.C.P. Colo., provides, inter alia, that, "Whenever under these rules service is required or permitted to be made upon a *party* represented by an attorney the service shall be made upon the attorney unless service upon the party himself is ordered by the court. * * * "

Here it is conceded that service of the notice to

take insured's deposition was had upon her attorney, and no court order required other service. The quoted portion of rule 5 (b) (1), supra, is in the exact words of the Federal Rules of Civil Procedure, and, under all of the decisions which have been called to our attention or which we have found, this notice to take the deposition was in all respects sufficient and complete. Further, under the decisions construing rule 5 (b) (1), supra, it has been held that when a party is noticed to appear for the taking of his deposition, he is not entitled to a subpoena nor to a per diem allowance or mileage. *National Labor Relations Board v. Hopwood Retinning Co. Inc.,* 104 F. (2d) 302; *Socha v. Webber,* 11 F.R.D. 124; *Millinocket Theatre, Inc. v. Kurson,* 4 F.R.S. 574, 35 F. Supp. 754; *Whitaker v. MacFadden Publications, Inc.,* 1 F.R.S. 541; *Collins v. Wayland,* 139 F. (2d) 677; *Spaeth v. Warner Bros. Pictures, Inc.,* 4 F.R.S. 484.

The insured, as we have said, is a resident of Alamosa, Colorado, and the taking of her deposition was noticed for Denver. Her contention that she was not obliged to be present in Denver at the taking of her deposition unless served with a subpoena, and her mileage and attendant expenses were paid, is wholly without merit, as we have held.

The sufficiency of the notices served upon insured's attorney are not questioned. They were in full compliance with the provisions of Rule 30 (a), R.C.P. Colo., and it is admitted that no motions or notices directed thereto, as provided in rule 30 (b), R.C.P. Colo., were ever made or served. If for good cause the deposition should not be taken in Denver, or should be taken in some place other than that mentioned in the notice, rule 30 (b), R.C.P. Colo., provides that this matter should be called to the attention of the trial court by a motion filed, and service thereof seasonably made on opposing counsel; otherwise the place designated in the notice in accordance with rule 30 (a), supra, is definitely and finally fixed. If insured's financial straits had been

called to the trial court's attention, as provided in rule 30 (b), supra, relief might properly have been afforded her, and counsel's failure to comply with the provisions of said section is the sole cause of the predicament in which insured now finds herself. The motion and notice for which provision is made in 30 (b), supra, must have been made and served prior to the time specified in the notice for the taking of the deposition, and under the provisions of rule 37 (d) R.C.P. Colo., if the failure to appear before the officer who is to take the deposition is willful—and this is apparent here—the court, on notice and motion, may strike out all or any part of the pleadings, dismiss the action or proceeding, or enter judgment by default against the party so failing. *Socha v. Webber,* 11 F.R.D. 124; *V. O. Machinoimport v. Clark Equipment Co.,* 11 F.R.D. 55; *Worth v. Trans World Films, Inc.,* 11 F.R.D. 197; *Dictograph Products, Inc. v. Kentworth Corp.,* 11 F.R.S. 586, 11 F.R.S. 697; *Collins v. Wayland,* 139 F. (2d) 677; *Roerich v. Esquire Coronet, Inc.,* 4 F.R.S. 572; *Producers Releasing Corp. de Cuba v. PRC Pictures, Inc.,* 11 F.R.S. 699; *Anthony v. R.K.O. Radio Pictures, Inc.,* 11 F.R.S. 585; *Peitzman v. City of Illmo,* 141 F. (2d) 956.

■■ Until and unless the insurer is afforded every opportunity to secure all the evidence to which it is entitled under our rules, the trial court is without jurisdiction to proceed. In the instant case, the evidence sought is in the sole and exclusive possession of insured, who seeks, without making that evidence available under our rules, to recover against the insurer. Here, also, insured selected a proper forum in which to litigate, and until this action has been tried, and a judgment formally entered therein, we have no way of determining that her straightened financial condition is in anywise chargeable to the insurer. Insured has waived any right which she had under the provisions of rule 30 (b), supra, to object to the deposition being taken in Denver, Colorado, and it is the insurer's right, under our rules, to have

insured's deposition taken before proceeding further in the trial of this cause.

That insured may have further opportunity of presenting her cause, the case is remanded, and it is ordered that the trial court be prohibited from proceeding further in civil action No. A-79034, entitled Mary Frasier, sometimes known as Mary Varnell and as Mrs. Leonard Varnell, plaintiff v. Reserve Life Insurance Company, Dallas, Texas, a corporation, defendant, unless insured shall appear in Denver, Colorado, on September 8, 1952, at 2 o'clock P. M., at the place fixed in the notice for taking her deposition, and answer questions propounded to her by counsel, or on or before September 13, 1952, there be tendered to insurer a reasonable amount for its attorneys' fees and expenses in traveling to and from Alamosa, Colorado, for the taking of insured's deposition at a time and place therein to be agreed upon by counsel for the parties hereto.