STANDARD INSURANCE COMPANY
OF NEW YORK, Plaintiff,

v.

PITTSBURGH ELECTRICAL INSULA-
TION, INC. and Theodore R. Paul,
Defendants.

Civ. No. 61–7.

United States District Court
W. D. Pennsylvania.

Nov. 22, 1961.

Joseph Weis, of Weis & Weis, Pittsburgh, Pa., for plaintiff.

Silvestri Silvestri, of Stone & Silvestri, Pittsburgh, Pa., for defendants.

MARSH, District Judge.

The plaintiff in this action seeks to recover money paid to it by the corporate defendant under a contract of insurance for losses incurred because of a fire. It is alleged in the original complaint that the payment was made in reliance upon false statements made to plaintiff as to the ownership of the property destroyed.

We are called upon at this stage of the proceedings to rule upon plaintiff's amendment to its complaint, plaintiff's motion for production of documents, and defendants' objections to plaintiff's interrogatories.

### Amendment to the Complaint

The original complaint, which was filed on January 3, 1961, alleged that the property lost was not owned by the corporate defendant at the time of the fire, but was owned by Polyglass Corporation (hereinafter referred to as Polyglass). On September 6, 1961, the plaintiff filed an amendment to its complaint which made an alternative claim for recovery, i. e., that even if the property was owned by the corporate defendant, then the amount paid was grossly in excess of that due and that the excess amount should be returned to plaintiff.

Under Rule 15(a), Fed.R.Civ.P., 28 U. S.C.A., when a responsive pleading has been filed, "a party may amend his pleading * * * by leave of court * * and leave shall be freely given when justice so requires." In construing this section the courts have shown great liberality in allowing amendments. Brown v. Dunbar & Sullivan Dredging Co., 189 F.

2d 871 (2d Cir.1951); Hirshhorn v. Mine Safety Appliances Co., 101 F.Supp. 549, 552 (W.D.Pa.1951); Moore's Federal Practice, 2d ed., vol. 3, ¶ 15.08, pp. 828–830, and cases cited there.

In contending that the amendment should not be allowed, defendants assert that plaintiff here is acting in bad faith because it had information concerning excessive payment at the time that the original complaint was filed, and that plaintiff sought to amend only after taking depositions through which it learned that it could not prove that the corporate defendant did not own the destroyed property. The plaintiff admits that it suspected excessive payment when it filed the original complaint, but asserts that it had no documentary proof of excessive payment and that it needed the process of the courts and its discovery procedures to ferret out such evidence. Upon discovery of the evidence, plaintiff filed the amended complaint in a timely manner.

We think that plaintiff should not be required to make allegations on suspicion alone; in fact, the law frowns upon frivolous and unsubstantial claims. It was time enough to file the claim when it had gained some substantial evidence of the excessive payment.

█ Nor do we find merit in defendants' argument that the amendment should be denied because the proceedings will be delayed by its allowance. Mere delay is not reason enough to bar amendment, Bowles v. American Brewery, Inc., 8 F.R.Serv. 15a.21, Case 13 (D. Md.1945); Moore's Federal Practice, 2d ed., vol. 3, ¶ 15.08, p. 835, and in our opinion the defendants will not be prejudiced by its allowance.

█ The defendants further contend that the amendment should be denied because it sets forth a new claim for relief. Although there is some authority to support this contention, we find that the weight of the authority is otherwise and we agree with the statement of the court in Hirshhorn v. Mine Safety Appliances

Co., supra 101 F.Supp. at pp. 553–554, when it said:

"[E]ven if the proposed amendment * * * should be construed as stating a new claim for relief, the result would be the same. The right to plead new claims by amendment is inferentially recognized by subdivision (c) of Rule 15 and confirmed by the Supreme Court of the United States in Freeman v. Bee Machine Co., Inc., 1943, 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509.

" * * *

"It seems to us that any new claim, if such exists, created by the proposed amendment * * * is one which, at least, 'arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading'. Therefore, the proposed amendment * * * should be allowed whether or not it be treated as creating a new claim for relief."

The amendment to the complaint will be allowed.

### Motion for Production of Documents

█ In this motion plaintiff requests that the corporate defendant make available to plaintiff for inspection and copying certain business records of the corporate defendant and Polyglass. The corporate defendant first contends that the motion is fatally defective in that it fails to allege that the records are in its possession, custody or control.

Although Rule 34, Fed.R.Civ.P., does provide that the court may order the production of documents only if they are in the possession, custody or control of a party, the courts have shown a tendency to order the production where it may be fair to assume that the business records of a party are in that party's possession, custody or control and when the party does not deny that he has possession, custody or control of them when he opposes the motion. United Mercantile Agencies v. Silver Fleet Motor Express, 1 F.

R.D. 709 (W.D.Ky.1941); Moore's Federal Practice, 2d ed., vol. 4, ¶ 34.17, pp. 2471–2472; see, William A. Meier Glass Co. v. Anchor Hocking Glass Corp., 11 F. R.D. 487, 491 (W.D.Pa.1951).

In the instant case, the corporate defendant not only fails to deny possession, custody or control but through the affidavit of its office manager admits that some of the requested records are in its "control".[1] Therefore, since we find that the plaintiff has shown good cause for obtaining the requested records, an appropriate order granting the plaintiff's motion for those documents admittedly within the corporate defendant's control will be entered.

 The defendant also contends that the motion is defective in that it requests documents from Polyglass who is not a party to this action.

It is true that Rule 34 applies only to parties, but here the corporate defendant owns 100% of the stock of Polyglass,[2] both corporations occupied the same premises, and the office manager of the corporate defendant is "in charge and control" of the books and records of Polyglass.[3] In view of these facts, for the purpose of applying Rule 34, we think Polyglass and the corporate defendant are "substantially one". Societe Internationale, etc. v. Rogers, 357 U.S. 197, 204, 78 S.Ct. 1087, 2 L.Ed.2d 1255. Therefore, the corporate defendant must produce the requested records of Polyglass which are admittedly within its control.

### Objections to Interrogatories.

Both defendants object to plaintiff's interrogatories on the same grounds: (1) that the interrogatories in relation to the original complaint are irrelevant; (2) that the answers to the interrogatories may tend to incriminate the defendants.

Defendants' counsel conceded that if leave were granted to amend the complaint, then the interrogatories would be relevant. Since we have granted leave to amend, we have in effect disposed of this objection to the interrogatories.

With regard to the objection of the corporate defendant based upon the constitutional privilege against self-incrimination, it is only necessary to point out that the privilege is available only to natural persons. United States v. White, 322 U.S. 694, 699, 64 S.Ct. 1248, 88 L.Ed. 1542 (1944). Therefore, the corporate defendant must answer the interrogatories directed to it; the individual defendant need not. Cf. United States v. 42 Jars, etc., 162 F.Supp. 944 (D.N.J. 1958), aff'd 264 F.2d 666 (3d Cir.1959).

An appropriate order will be entered.

---

1. Affidavit of William Lah attached to defendant's brief.

2. Page 65 of the deposition of Lewis D. Pane, accountant for corporate defendant.

