**RICHARD JOHNSON, Plaintiff**

v.

**ROBERT B. COULTER dba SOUTH PACIFIC ENGINE & REPAIR, and SOUTH PACIFIC ENGINE & REPAIR, INC., a Corporation, and SAMOA NAPA, INC., a Corporation, Defendants**

High Court of American Samoa
Trial Division

CA No. 22-91

December 7, 1993

Before KRUSE, Chief Justice, MAILO, Associate Judge, and BETHAM, Associate Judge.

Counsel: For Plaintiff, Robert Dennison III
 For Defendants, Roy J.D. Hall, Jr.

Order on Motion Compelling Discovery and for Sanctions:

Plaintiff Johnson requested the production of certain documents to be made at the deposition of defendant Coulter and one Katherine Lindgren. Coulter and Lindgren refused to produce documents relating to events after June 1990. Johnson now seeks an order under T.C.R.C.P. 37 compelling production and the award of sanctions. Coulter, in his memorandum in opposition to plaintiff's motion, makes three points: (1) that Coulter and Lindgren were improperly noticed, (2) that insufficient notice was afforded Coulter and Lindgren, and (3) that the materials sought are not relevant or are subject to restrictions. Coulter also objects to the request for sanctions as being outside the court's discretion.

## DISCUSSION

### 1. Improper Notice

█ Coulter correctly states that a request to produce under T.C.R.C.P. 34 may only be directed to parties to the action. However, the rule also talks about the production of documents or things in the "possession, custody or control" of a party. Thus, documents in the possession of a party's subsidiary were found to be within the party's control and were required to be produced under T.C.R.C.P. 34's federal counterpart, F.R.C.P. 34. *Georg Hantscho v. Miehl-Goss-Dexter,* 33 F.R.D. 332 (1963 S.D. N.Y.). In *Standard Insurance v. Pittsburg Electrical Insulation,* 29 F.R.D. 185, 188 (1961 D.C. Pa) the court ruled that a motion for production of documents was not defective even though it requested documents from a corporation not a party to the action. The

court held that because the corporate defendant owned 100% of the non-party's stock, both corporations occupied the same premises, and the defendant's corporate manager was also in charge of the records, the corporations were "substantially one."

In this case, Coulter is a party, and the suit itself names Coulter personally and "doing business as" South Pacific Equipment and Repair, South Pacific Equipment and Repair, Inc., and Samoa Napa, Inc. Additionally, in defendant's answers to plaintiff's interrogatories, question 25, Coulter lists only himself as the shareholder of Spear or Samoa Napa (Defendant's Answers to Interrogatories at 7). The deposition as regards Coulter was, therefore, proper.

■ Lindgren, on the other hand, is not a party to the action.[1] She was identified by Coulter in his answers to plaintiff's interrogatories as an expert witness whom he intends to call at trial (Defendant's Answers to Interrogatories at 7). Johnson could have sought, pursuant to T.C.R.C.P. 26(b)(4)(A), a court order to obtain further information from Lindgren in her capacity as an expert witness, but he has not. If Lindgren's expertise relates only to matters not in preparation for trial, that is; in the course of her employment, she is to be treated as a regular witness in any case. Therefore, Lindgren could have been deposed as an employee of the defendants. If Lindgren is an officer of Coulter's, and we do not now have enough information to state that she is, the notice given would have been sufficient. However, assuming that Lindgren is not an officer of Coulter's, her attendance is properly sought through T.C.R.C.P. 45, as a non-party witness. "A mere witness ... attendance may be compelled only by subpoena issued and served in accordance with Rule 45(d)" *Sekely v. Salkind*, 10 F.R.D. 503 (S.D.N.Y. 1950). Therefore, the deposition as regards Lindgren was improper.

## II. Insufficient Notice

■ Coulter claims that insufficient notice was afforded Coulter and Lindgren (although brief refers only to "defendants" we assume Coulter meant himself and Lindgren, although he is also arguing that Lindgren

---

[1] The notice of deposition to Lindgren merely certifies that "plaintiff's counsel" was served through his court box; there is no indication that Lindgren herself, a non-party, was at all served in accordance with the rules. TCRCP 30(a) provides that "the attendance of witnesses may be compelled by subpoena as provided in 45 TCRCP," and where production is sought from the person to be deposed, TCRCP 30(b)(1) provides for the use of a subpoena duces tecum. A subpoena, however, has to be served personally. TCRCP 45(c).

is a non-party). The notice of "deposition duces tecum" was forwarded to defendant's lawyer 3 days in advance of Lindgren's deposition and 4 days in advance of Coulter's deposition. As per Coulter, who was deposed according to rule 30(b)(5), the proper procedure is that of rule 34. Rule 34(b) states that "the party upon whom the request is served shall serve a written response within 30 days after the service of the request . . . ." The court may allow a shorter length of time. Here Coulter choose not to produce the asked for documents and there is no showing that he was unable to produce the documentation because of insufficient time. Additionally, in plaintiffs' requests for production of documents and things, served June 5, 1991, plaintiff requested all documents that related to the lawsuit. While this was a broad request, plaintiff did begin seeking relevant documentation over 2 years ago.

As Lindgren was improperly noticed, we need not address whether or not the 3 days notice she was afforded was sufficient.

### III. Issue of Relevancy

■ Discovery is a liberal process. T.C.R.C.P. 26(b)(1) states that, in general:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party . . . . It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Coulter claims, for several reasons, that the information sought is irrelevant or subject to restrictions. First, Coulter claims that Spear and Samoa Napa are not partnerships, but separate business entities. However, this question is central to the lawsuit and discovery here is an attempt to answer this question. Materials so related are obviously relevant. Coulter next submits that sought materials are confidential business information whose withholding would not prejudice Johnson. Again, it is this business information that is relevant to determining the central questions of the suit. The materials sought here are relevant and "not privileged" and, therefore, not exempt from disclosure, although certain items (such as tax returns) do contain confidential information. If reasonable protective measures are needed, relief can be sought under

87

T.C.R.C.P. 26(c)(7)--indeed, Johnson "agrees to reasonable terms regarding selective non-disclosure." Additionally, Coulter states that it is "irrelevant" whether or not partnership funds were used to capitalize the corporations named herein. However, this information may be relevant to issues of the dissolution of any partnership, and the possible constructive trust. Relevance is liberally construed to encompass matters that could lead to matters that bear on the case. Therefore, the items sought are relevant.

*IV. Sanctions*

■ As stated by defendant, sanctions (save costs, as discussed below) would be inappropriate at this time. However, plaintiff has *not* requested sanctions under 37(b) (available only after a court order has not been obeyed). Plaintiff has only requested attorney's fees and costs, sanctions that are available under rule 37(a).

Under rule 37(a) the court may require the party or deponent whose conduct necessitated the motion, or the party or attorney advising such conduct, or both, to pay reasonable expenses incurred in obtaining the order, including attorney's fees. Expenses may also be awarded to the non-movant if the motion is denied, or allocated if the motion is granted in part. The court may find that opposition to the motion, or other circumstances, make an award of expenses unfair.

In this case both sides have made a good faith showing for their respective arguments, and an award of expenses is, in our view, not warranted.

## CONCLUSION

Coulter was properly noticed. He was afforded insufficient time, although there is no showing that because of this he was unable to produce the requested items. As the items asked for are relevant to the suit at hand, Coulter is directed to produce them, provided that Johnson abides by his agreement to reasonable terms regarding selective non-disclosure.

Lindgren was not properly noticed. Relief sought against her is denied.

Sanctions appear inappropriate at this time and thus plaintiff's request for costs and attorney's fees is denied.