972

No. 8. Brown et al. v. Board of Education of Topeka et al.;

No. 101. Briggs et al. v. Elliott et al., Members of Board of Trustees of School District #22, et al.;

No. 191. Davis et al. v. County School Board of Prince Edward County et al.;

No. 413. Bolling et al. v. Sharpe et al.; and

No. 448. Gebhart et al. v. Belton et al.

Each of these cases is ordered restored to the docket and is assigned for reargument on Monday, October 12, next. In their briefs and on oral argument counsel are requested to discuss particularly the following questions insofar as they are relevant to the respective cases:

1. What evidence is there that the Congress which submitted and the State legislatures and conventions which ratified the Fourteenth Amendment contemplated or did not contemplate, understood or did not understand, that it would abolish segregation in public schools?

2. If neither the Congress in submitting nor the States in ratifying the Fourteenth Amendment understood that compliance with it would require the immediate abolition of segregation in public schools, was it nevertheless the understanding of the framers of the Amendment

> (a) that future Congresses might, in the exercise of their power under section 5 of the Amendment, abolish such segregation, or
>
> (b) that it would be within the judicial power, in light of future conditions, to construe the Amendment as abolishing such segregation of its own force?

3. On the assumption that the answers to questions 2 (a) and (b) do not dispose of the issue, is it within the judicial power, in construing the Amendment, to abolish segregation in public schools?

4. Assuming it is decided that segregation in public schools violates the Fourteenth Amendment

(a) would a decree necessarily follow providing that, within the limits set by normal geographic school districting, Negro children should forthwith be admitted to schools of their choice, or

(b) may this Court, in the exercise of its equity powers, permit an effective gradual adjustment to be brought about from existing segregated systems to a system not based on color distinctions?

5. On the assumption on which questions 4 (a) and (b) are based, and assuming further that this Court will exercise its equity powers to the end described in question 4 (b),

(a) should this Court formulate detailed decrees in these cases;

(b) if so, what specific issues should the decrees reach;

(c) should this Court appoint a special master to hear evidence with a view to recommending specific terms for such decrees;

(d) should this Court remand to the courts of first instance with directions to frame decrees in these cases, and if so what general directions should the decrees of this Court include and what procedures should the courts of first instance follow in arriving at the specific terms of more detailed decrees?

The Attorney General of the United States is invited to take part in the oral argument and to file an additional brief if he so desires.