Brenda EVANS et al., Plaintiffs,

v.

MEMBERS OF THE STATE BOARD OF EDUCATION, State Superintendent of Public Instruction, Members of the Board of Trustees of Clayton School District No. 119, Defendants.

Civ. A. No. 1816.

United States District Court
D. Delaware.

March 6, 1957.

6. Cf. F. & M. Schaefer Brewing Co. v. United States, 2 Cir., 1956, 236 F.2d 889; Matteson v. United States, 2 Cir., 240 F.2d 517.

Louis L. Redding, Wilmington, Del., for plaintiffs.

David P. Buckson and George R. Wright, Dover, Del., for the Members of the Board of Trustees of Clayton School District No. 119.

Joseph Donald Craven, Atty. Gen., and Herbert L. Cobin, Chief Deputy Atty. Gen., for State Board of Education and George R. Miller, State Superintendent of Public Instruction.

LEAHY, Chief Judge.

This cause arises on plaintiffs' motion for summary judgment. A motion to dismiss was denied in D.C.Del., 145 F.Supp. 873. The material facts essential to this motion present no genuine issue. Plaintiffs are of Negro ancestry, citizens of the United States and of the State of Delaware, residing in the community known as Clayton, in Kent County.[1] Plaintiffs have not been accepted in the public school under the jurisdiction of Clayton School District No. 119,[2] nor has the school district heretofore taken as students persons of Negro ancestry.[3] After the first Brown decision by the Supreme Court on May 17, 1954,[4] the State Board of Education adopted on June 11, 1954, certain regulations calling on the local districts for proposed plans for desegregation to be submitted for review. On August 19, 1954, and again on August 26, the State Board requested all schools should present a tentative plan for desegregation on or before October 1, 1954. On May 31, 1955, the Supreme Court came down with its second Brown decision.[5] On August 10, 1955, members of the Board of Trustees of Clayton School District No. 119 were petitioned to take immediate steps to eliminate racial segregation in its public school.[6] By letter of February 10, 1956, the State Board was apprised of the failure of the Clayton School to desegregate and

1. Complaint, par. 3 and Affidavits; Answer, Members of State Board of Education hereinafter referred to as State Board and State Superintendent of Public Instruction hereinafter referred to as State Superintendent, par. 3.

2. Complaint, par. 3; Answer, State Board and State Superintendent, par. 3.

3. Complaint, par. 6; Answer, State Board and State Superintendent, par. 6.

4. Brown v. Board of Education of Topeka, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873.

5. Brown v. Board of Education of Topeka, 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083.

6. Complaint, par. 5; Answer, Board of Trustees of Clayton School District No. 119 hereinafter referred to as Local Board, par. 5.

was requested to do so.[7] The State Board, by letter of March 16, 1956, made known it could not comply with immediate desegregation absent joint action initiated by the Local Board.[8] The members of the Local Board "admit that they have as yet arrived at no plan for desegregation of the Clayton School and that there is proposed no reorganization thereof." [9]

Plaintiffs' prayer for relief is in the alternative: 1. That this Court issue interlocutory and permanent injunctions ordering defendants to admit infant plaintiffs and all others similarly situated to the public school in Clayton School District No. 119 on a racially nondiscriminatory basis, or 2. That the Local Board be required to submit to the State Board of Education a plan for integration of that school providing for admittance not later than the school term beginning in September, 1957.

■ The Local Board answers on several grounds. They contend they are improper parties to this action since they are not vested with the power to make or determine educational policy, but function only in advisory capacity, and this power can not be delegated by the State Board or altered by orders originating therein. However, the mere fact the Local Board is required only to recommend educational policy does not make the Local Board an improper party to this action. The State Board having charged the Local Board with the duty to submit a plan for desegregation, both boards are now properly before the Court.

■ Defendant Local Board alleges "that at no time has a person of negro blood or ancestry been denied admission to the Clayton School." After the refusal of the Local Board to grant the petition of plaintiffs requesting desegregation, it would be hollow formality to require them literally to knock on the schoolhouse door.[10]

■ The remainder of defendant Local Board's contentions relate to the propriety of granting relief at this time. The Local Board alleges if the relief requested by plaintiffs is granted now, "it will constitute a violation of the mandate of the Supreme Court of the United States, requiring the elapse of a reasonable time for the transition of segregated schools to non-segregated schools." It is further alleged the load of administrative work involved, the lack of facilities or transportation, and the inadequacy of personnel and school space prevents the Clayton School from being presently operated on a non-segregated basis. Finally, it is alleged the sudden change which would occur in the present social make-up of the Clayton School District would do great damage to eventual integration. But matters of defense dealing with administrative problems are, at this time, prematurely raised by the Local Board.[11] The issue here is whether or not "a prompt and reasonable start toward full compliance" has been made. Despite the fact that on May 17, on August 19, and on August 26, 1954, the State Board requested local boards to present plans on or before October 1 of that year for the integration

7. Complaint, par. 7; Answer, State Board and State Superintendent, par. 7.

8. Complaint, par. 8; Answer, State Board and State Superintendent, par. 8.

9. Complaint, par. 6; Answer, Local Board, par. 6.

10. See the opinion of Chief Judge Parker in Charlottesville School Board v. Allen, 4 Cir., 240 F.2d 59.

11. In the second Brown decision laying the blueprint for integration, the Supreme Court indicated the procedure to be followed: " * * * the [inferior] courts will require that the defendants make *a prompt and reasonable start toward full compliance* with our May 17, 1954, ruling. *Once such a start has been made, the courts may find that additional time is necessary* to carry out the ruling in an effective manner. The burden rests upon the defendants to establish that such time is necessary in the public interest and is consistent with good faith compliance at the earliest practicable date." (Emphasis mine.) Brown v. Board of Education, 349 U.S. 294, 300–301, 75 S.Ct. 753, 756.

of the public schools, no plan of any kind has been forthcoming by the Clayton School Board. And, although expressions of community dissent may stay racial desegregation for a reasonable time in order to meet local problems through good faith implementation, they can never become an instrument to color interminably the governing constitutional principles as declared by the Supreme Court. Here, there has been no prompt and reasonable start.

■ The State Board of Education argues that if the Clayton Board of Trustees is required to present a plan for integration, it should be filed with this Court directly and not with the State Board. It argues the prime responsibility for formulating a plan belongs to the Local Board, that since the rules of the State Board contemplate voluntary submission of these plans, the effect of the present litigation is to hold the Local Board answerable to this Court; and that otherwise the State Board would be placed in a difficult and unsatisfactory position resulting in harm both to it and the entire school system. The State Board would thus be content to submit its views to this Court when requested to do so. However, while the Board may require the local boards to cope with local problems in the first instance, it should not remove itself directly from the scene because a litigant has sought the judicial arm to secure his rights. At this point in time, I see no reason for not following the usual practice set out by the State Board itself in its published rules and regulations.

Summary judgment is granted and an order should be submitted directing the Board of Trustees of the Clayton School District No. 119 to submit a plan for the integration of the public school to the State Board of Education, in accordance with their existing rules and regulations. Such plan by the Local Board shall be submitted to the State Board within a period of 30 days. Within 60 days, the State Board of Education shall submit its plan to the Court for further instructions.