Brenda EVANS, an Infant, by Charles
Evans, her Guardian ad Litem,
et al., Plaintiffs,

v.

Madeline BUCHANAN et al., Defendants.

Madeline STATEN, an Infant, by her
Guardian ad Litem, Elenora M.
Staten, et al., Plaintiffs,

v.

Madeline BUCHANAN et al., Defendants.

Julie COVERDALE, an Infant, by her
Guardian ad Litem, Annie E.
Coverdale, et al., Plaintiffs,

v.

Madeline BUCHANAN et al., Defendants.

Eyvonne HOLLOMAN, an Infant, by her
Guardian ad Litem, Flossie Hollo-
man, et al., Plaintiffs,

v.

Madeline BUCHANAN et al., Defendants.

David CREIGHTON, an Infant, by his
Guardian ad Litem, Josephine Creigh-
ton, et al., Plaintiffs,

v.

Madeline BUCHANAN et al., Defendants.

Marvin DENSON, an Infant, by his Guard-
ian ad Litem, Clarence Denson,
et al., Plaintiffs,

v.

Madeline BUCHANAN et al., Defendants.

Thomas J. OLIVER, Jr., an Infant, by
his Guardian ad Litem, Thomas J.
Oliver, et al., Plaintiffs,

v.

Madeline BUCHANAN et al., Defendants.

Civ. A. 1816–1822.

United States District Court
D. Delaware.

July 15, 1957.

Louis L. Redding, Wilmington, Del.,
for plaintiffs.

David P. Buckson and George R.
Wright, Dover, Del., for Members of the
Board of Trustees of Clayton School
Dist. No. 119.

Joseph Donald Craven, Atty. Gen., and
Frank O'Donnell, Jr., Deputy Atty. Gen.,
for Members of State Bd. of Ed. and
State Superintendent of Public Instruc-
tion.

James M. Tunnell, Jr., of Georgetown,
Del., and James H. Hughes, III, of Do-

ver, Del., for Members of the Bd. of Ed. of Milford Special School Dist.

James M. Tunnell, Jr., of Georgetown, Del., for Members of the Bd. of Trustees of Greenwood School Dist. No. 91, for Members of the Bd. of Ed. of the Laurel Special School Dist., and Members of the Bd. of Ed. of the Seaford Special School Dist.

Everett F. Warrington, of Georgetown, Del., for Members of the Board of Trustees of Milton School Dist. No. 8.

Frederick P. Whitney, of Georgetown, Del., for Members of the Bd. of Trustees of John M. Clayton School Dist. No. 97.

LEAHY, Chief Judge.

1. Among the several motions before the Court are plaintiffs' motion for consolidation of C.A. Nos. 1816 through 1822, inclusive under Fed.Rules Civ. Proc. § 42(a), 28 U.S.C., and plaintiffs' motion for summary judgment against the Members of the State Board of Education and the State Superintendent of Public Instruction under FR 56(a).

2. This Court disposed of a previous motion of plaintiffs for summary judgment with respect to C.A. No. 1816,[1] as to which an appeal was taken to the Court of Appeals for this Circuit but not legally prosecuted by the Local Board, in accordance with law and the Rules of said Court of Appeals. The time for filing a plan as to this particular school district, as provided for in the order entered by the Delaware District Court was continued, pending the appeal, until further order of this Court. The present order will be operative as to this Local Board for its failure to perfect its appeal.

3. Answers of defendant State Board and State Superintendent in all the Civil Actions pending are, in substance, similar. I find as to plaintiffs and other Negro children similarly situated, these answers acknowledge the existence of racial segregation in the public schools of Delaware;[2] and this is a deprivation of rights guaranteed under the Federal Constitution and so declared inviolate by the Supreme Court.[3]

4. The State Board of Education adopted in the summer of 1954 regulations requiring the local school Boards to submit to the State Board plans for racial desegregation in the public schools. These regulations, especially as they affected the local Boards, had binding force throughout the State of Delaware.[4] This initiated a policy then regarded feasible. But, it is also manifest the local Boards, in Kent and Sussex Counties, in general, have not begun to comply with these regulations. The regulations of the State Board cannot be permitted to be wielded as an administrative weapon to produce interminable delay. In the interplay of forces resulting in continuing violation of plaintiffs' constitutional rights, these rights of Negro children must retain their vitality. They are, indeed, paramount.[5] The

1. See Evans et al. v. Members of the State Board of Education et al., D.C. Del., 149 F.Supp. 376.

2. C.A. No. 1816: Complaint, pars. 3, 6, 7, 8; Answer, pars. 3, 6, 7, 8.
   C.A. No. 1817: Complaint, pars. 8, 9, 10; Answer, pars. 8, 9, 10.
   C.A. No. 1818: Complaint, pars. 3, 7, 8; Answer, pars. 3, 7, 8.
   C.A. No. 1819: Complaint, pars. 3, 6, 7, 8; Answer, pars. 3, 6, 7, 8.
   C.A. No. 1820: Complaint, pars. 3, 7, 8; Answer, pars. 3, 7, 8.
   C.A. No. 1821: Complaint, pars. 3, 7, 8; Answer, pars. 3, 7, 8.
   C.A. No. 1822: Complaint, pars. 3, 7, 8; Answer, pars. 3, 7, 8.

3. Brown v. Board of Education of Topeka, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873; Id., 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083.

4. 14 Del.Code, § 122; Steiner v. Simmons, Del., 111 A.2d 574, 580, 583 (per C. J. Southerland).

5. See Belton et al. v. Gebhart et al. (Bulah et al. v. Gebhart et al.), 32 Del.Ch. 343, 87 A.2d 862, aff'd in 33 Del.Ch. 144, 91 A.2d 137, certiorari granted in 344 U.S. 891, 73 S.Ct. 213, Misc.Order in 345 U.S. 972, 73 S.Ct. 1118, affirmed in 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873, Misc.Order in 348 U.S. 886, 75 S.Ct. 210, and aff'd and remanded in 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083.

State Board, though not solely responsible for a solution of administrative procedures in this sociological-legal problem, must, in the final analysis, be held answerable.

5. The State Board of Education, from its past performance, blandly asserts it must await initial local action because the State Board "is not and can not be as conversant with local school problems as the local school Boards." The factual data contained in its Reports to the Governor of the State of Delaware refutes this. This Court readily understands the State Board, as to the problem of integration, is not as conversant with local problems as the local Boards, but the Court is in disagreement whether the State Board cannot be, or, when measured by its record of inaction in failing to negotiate a prompt and reasonable start toward full compliance, it has tried to be.

6. Clearly, it is best, in the abstract, to permit local conditions to be handled in the first instance by Local Boards for integration, as commanded by the Supreme Court of the United States. But, it is also recognized joint and not independent action is called for by all parties concerned. The first mandate of the Supreme Court fixed the law on this problem over three years ago, the second mandate, over two years ago. Since that time no appreciable steps have been taken [6] in the State of Delaware to effect full compliance with the law.

In conclusion, it is recognized, under the law as fixed by the Supreme Court of the United States, the right of plaintiffs to public education unmarred by racial segregation is immutable; that each state faces problems indigenous to its own circumstances; that circumstances in Delaware require racial desegregation to become a reality simultaneously throughout all communities; that the State Board exercises general control and supervision over all public schools in Delaware, including the Local Boards, and has knowledge of the status of racial desegregation in those schools; that the State Board's admissions of continued racial segregation in the public schools washes away all dispute as to this issue, as raised by the Local Boards; and, that any order by this Court directed to the State Board is, *a fortiori*, directed to any Local Board over which it, in turn, has authority.

It is hereby

Ordered and Decreed By This Court:

■ 1. The motion of plaintiffs to consolidate the following causes, C.A. 1816 through C.A.1822, inclusive, be and the same is hereby granted and all pending causes in this Court are hereby consolidated for judicial decision.

■ 2. The plaintiffs' motions for summary judgment in C.A.1816 through C.A.1822, inclusive, as against the Members of the State Board of Education and the State Superintendent of Public Instruction be and the same are hereby granted.

3. The minor plaintiffs in the respective cases and all other Negro children

At 87 A.2d 864–865:
"Defendants say that the evidence shows that the State may not be 'ready' for non-segregated education, and that a social problem cannot be solved with legal force. Assuming the validity of the contention without for a minute conceding the sweeping factual assumption, nevertheless, the contention does not answer the fact that the Negro's mental health and therefore, his educational opportunities are adversely affected by State-imposed segregation in education. The application of Constitutional principles is often distasteful to some citizens, but that is one reason for Constitutional guarantees. The principles override transitory passions."

6. The Delaware State Legislature has, by statute, provided the State Board of Education with broad powers of general control and supervision, including consultation with local Boards, Superintendents, and other officers, teachers and interested citizens, determination of educational policies, appointment of administrative assistants to administer its policies, requiring reports from Local Boards, the decision of all controversies involving administration of the school system, and the conducting of investigations relating to educational needs and conditions. 14 Del.Code, § 121.

similarly situated are entitled to admittance, enrollment and education, on a racially nondiscriminatory basis, in the public schools of Clayton School District No. 119, Milford Special School District, Greenwood School District No. 91, Milton School District No. 8, Laurel Special School District, Seaford Special School District and John M. Clayton School District No. 97, respectively, no later than the beginning of or sometime early in the Fall Term of 1957.

4. In accordance therewith defendants are permanently enjoined and restrained from refusing admission, on account of race, color or ancestry, of respective minor Negro plaintiffs and all other children similarly situated to the public schools maintained in the respective above-mentioned school districts.

5. To further obtain and effectuate admittance, enrollment and education of said minor plaintiffs and all other children similarly situated to the public schools maintained in the respective above-mentioned school districts, on a racially nondiscriminatory basis, defendant Members of the State Board of Education, having general control and supervision of the public schools of the State of Delaware and having the duty to maintain a uniform, equal and effective system of public schools throughout the State of Delaware, and defendant George R. Miller, Jr., State Superintendent of Public Instruction, shall submit to this Court within 60 days from the date of this order a plan of desegregation providing for the admittance, enrollment and education on a racially nondiscriminatory basis, for the Fall Term of 1957, of pupils in all public school districts of the State of Delaware which heretofore have not admitted pupils under a plan of desegregation approved by the State Board of Education.

6. 15 days prior to the submission of said plan to this Court, defendant Members of the State Board of Education, etc., shall send in writing by registered mail a copy of the plan of desegregation herein ordered to be submitted to this Court, together with a copy of this Order, to each member of the school board in all public school districts of the State of Delaware which heretofore have not admitted pupils under a plan of desegregation.