## TAEJON BRISTLE MFG. CO., Limited, v. OMNEX CORP.

United States District Court
S. D. New York.

Jan. 3, 1953.

Maxwell T. Cohen, New York City, for plaintiff.

Lindner & Haft, New York City (Norman A. Haft and Jack Lindner, New York City, of counsel), for defendant.

WEINFELD, District Judge.

Plaintiff, a Republic of Korea corporation, and conducting business there, instituted this action against the defendant to recover $8,730 for fur skins sold and delivered to the defendant, a New York corporation. The defendant has asserted a counterclaim based upon an alleged breach of warranty in the sale of the goods.

The defendant served a notice, pursuant to Rule 26 of the Federal Rules of Civil Procedure, 28 U.S.C.A., to take the deposition of the plaintiff by its president and general manager, also a resident of Korea. The place of the proposed examination is New York City, within this district.

The plaintiff now moves under Rule 30(b) of the Rules to vacate the notice in its entirety on the ground that the examination is not sought in good faith; that it is intended to annoy and oppress the plaintiff and impose upon it an unnecessary and excessive expense and waste of time. Alternatively, if it is found that the defendant is entitled to examination, it moves that it be limited to written interrogatories upon the ground that these will as effectively serve the defendant's requirements as an oral examination.

First, as to that branch of the motion which seeks to vacate the notice in

its entirety and to deny the defendant an examination of the plaintiff. It is urged that there is no necessity for taking plaintiff's deposition because the defendant sold the alleged defective skins following their delivery in New York City without affording plaintiff's representatives, then present in this country, an opportunity to inspect the same, and hence plaintiff is without knowledge of their condition at the time of the arrival here. The plea is without merit. The condition of the furs at the time of delivery is not the only issue in the case. An equally important subject of inquiry is their condition and inspection in Korea prior to delivery, all within plaintiff's knowledge. To deny the defendant an examination of the plaintiff would defeat the basic objectives of the deposition-discovery process under the Federal Rules of Civil Procedure—(1) to clarify the basic issues between the parties; and (2) to ascertain facts or information relevant to the subject matter of the action whether relating to the claim or the defense of the examining party.[1] The motion to vacate the notice in its entirety is denied.

Since the defendant is entitled to take the deposition of the plaintiff, the questions which remain are (1) its nature, whether by oral examination or written deposition; and (2) expense.

The defendant insists that the nature of the issues is such that only an oral examination will serve its purposes. It argues that if plaintiff's officer, due to war conditions in Korea, cannot appear for such examination in this district, that an open commission issue at plaintiff's expense, to include an allowance to its counsel as well as the necessary airplane, hotel and other traveling costs.

■ The advantages of oral examination over written interrogatories have been acknowledged in a number of cases.[2] Also, it is recognized that as a general rule, a non-resident litigant who selects our forum will be required either to submit to examination here, at his own expense, or in a proper case, at his preference, the examination may be conducted at his place of residence, but upon condition that he defray the expense and counsel fee of the opposing party.[3] But these general observations must be weighed against countervailing considerations which may be presented by the facts of a particular case. As in all matters, unusual circumstances may require a different result.

■ The present action is an ordinary goods sold and delivered action, with a counterclaim based upon breach of warranty, presenting no unusual or difficult features. Both parties are in the fur business and acquainted with the alleged merits and deficiencies of the merchandise in suit—the plaintiff on the shipping end and the defendant on the receiving end—and each must be presumed to have the knowledge and the competence to assist their respective attorneys in the preparation of written interrogatories. While such interrogatories may not be as satisfactory as a face-to-face examination of a witness, it cannot be said that this method of deposition in the instant case would defeat or prejudice the defendant's rights. The situation here is quite unlike that in V. O. Machinoimport v. Clark Equipment Co., D. C., 11 F.R.D. 55, where the request that the deposition be limited to written interrogatories was denied. The amount involved there was $2,500,000, and the plaintiff had previously had a full and complete examination of the defendant. But more important:

"The issues concern technical and complex problems of design and equipment; conformity or nonconformity to

---

1. See Hickman v. Taylor, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451; Morrison Export Co. v. Goldstone, D.C., 12 F.R.D. 258; Kaiser-Frazer Corp. v. Otis & Co., D.C., 11 F.R.D. 50.

2. V. O. Machinoimport v. Clark Equipment Co., D.C., 11 F.R.D. 55; Morrison Export

Co. v. Goldstone, footnote 1, supra; Worth v. Trans World Films, D.C., 11 F.R.D. 197.

3. See footnote 2, supra; also Irwin Co., Inc. v. Tide Publishing Co., D.C., 13 F.R.D. 18; Goodman v. Lane, D.C., 12 F.R.D. 176.

specifications; whether the equipment shipped to Russia together with the technical information furnished to plaintiff's representatives who were here, was sufficient to substantially build and put into operation a plant such as was contemplated by the parties." 11 F.R.D. at page 58.

So, too, there are readily apparent distinguishing features in Worth v. Trans World Films, D.C., 11 F.R.D. 197, and other cases relied upon by the defendant.

Here, the total recovery sought by the plaintiff is $8,730, so that, if the plaintiff were called upon to defray the expense of a commission to Korea, or if plaintiff's officer were free to leave Korea, it would impose a staggering expense in relation to any possible judgment which may be recovered. To impose such an expense upon a litigant is tantamount to depriving it of its day in Court.

Another factor which militates against the request for an oral examination is the difficulty of securing visas and transportation for counsel in or out of war-torn Korea and the restriction upon Korean citizens in leaving their country in its hour of peril. The defendant has conceded that an oral examination in Korea would be difficult or impossible because of wartime conditions. The Court should not be called upon to issue a futile order. Thus, considerations of excessive expense, difficulty of taking the oral testimony of the proposed witness either here or in Korea, and the sufficiency of written interrogatories, compel the conclusion that such interrogatories are the only feasible method at this time for taking plaintiff's deposition.

The defendant urges that if the examination is limited to written interrogatories, its attorneys be allowed a counsel fee on the ground that they will be required to prepare extensive and lengthy written questions, perhaps running into three score pages. Preparation of interrogatories is part of a lawyer's general functions. In the instant case it does not appear that

it will impose any undue burden upon the attorneys, or require unusual effort or research. Certainly, they will require no greater preparation than would be the case if, in fact, plaintiff's officer appeared here for the oral examination. The request for an allowance of counsel fee for the preparation of written interrogatories is denied.

The papers contain a suggestion of the likelihood that plaintiff's officer may come to the United States as a member of a Korean Commercial Mission. Accordingly, the order to be entered may provide that if at any time prior to the actual trial this should eventuate, the plaintiff or its attorney shall forthwith notify the attorneys for the defendant, who, if they so desire, may take the testimony of said plaintiff's officer by oral examination, pursuant to Rule 26, in addition to written interrogatories.

Settle order on notice.