Minniola O. **MILLER**, Plaintiff-Appellant,

v.

The **TOWN OF SUFFIELD** et al.,
Defendants-Appellees.

**No. 30, Docket 24461.**

United States Court of Appeals
Second Circuit.

Argued Oct. 11, 1957.

Decided Oct. 18, 1957.

Minniola O. Miller, plaintiff-appellant, pro se.

Joseph P. Cooney, Hartford, Conn., for defendant-appellee Town of Suffield.

Howard J. Maxwell, of Steele, Collins & Maxwell, Hartford, Conn., for defendant-appellee The Suffield Savings Bank.

John S. Murtha, of Shepherd, Murtha & Merritt, Hartford, Conn., for defendant-appellee Alcorn, Bakewell & Smith.

Francis J. Fahey, Thompsonville, Conn., defendant-appellee, pro se.

John D. LaBelle, Manchester, Conn., for defendant-appellee Sebastian Gambolati.

Bernard Francis, West Hartford, Conn., for defendants-appellees Russell L. Gillette and Rose M. Gillette.

Before CLARK, Chief Judge, and LUMBARD and MOORE, Circuit Judges.

**PER CURIAM.**

In the guise of a treble-damage antitrust suit, plaintiff is trying to revive the fantastic claims of fraud and conspiracy discussed and rejected in In re Miller, D.C.Conn., 106 F.Supp. 40, affirmed 2 Cir., 198 F.2d 267, certiorari denied Miller v. Guthrie, 345 U.S. 918, 73 S.Ct. 727, 97 L.Ed. 1351, rehearing denied 345 U.S. 971, 73 S.Ct. 1110, 97 L.Ed. 1388. For many years and in a variety of ways she has asserted that the Town of Suffield, The Suffield Savings Bank, and a "pool" of lawyers, brokers, and others have conspired to deprive her of her patrimony in the Miller's Beach farms in Suffield; but her vague charges, however vigorously asserted, have always lacked substance and substantiation. Judge Smith has dismissed her present complaint because she did not comply with his earlier order that she file a bond for costs and because the complaint fails to state a claim for relief. We agree with the dismissal and the grounds on which it was placed. The order for a moderate bond for costs was surely justified in view of the background of the

prior litigation. And the ambiguous allegations here show no legal wrong or impairment of interstate commerce or injury to the public interest.

Judgment affirmed.