Howard **FARMER**, Plaintiff-Appellant,

v.

**ARABIAN AMERICAN OIL COMPANY,**
Defendant-Appellee.

No. 237, Docket 26659.

United States Court of Appeals
Second Circuit.

Argued Dec. 9, 1960.

Decided Dec. 30, 1960.

Kalman I. Nulman, New York City (William V. Homans, New York City, on the brief), for plaintiff-appellant.

Chester Bordeau, of White & Case, New York City, for defendant-appellee.

Before CLARK, WATERMAN, and FRIENDLY, Circuit Judges.

CLARK, Circuit Judge.

In Miller v. Town of Suffield, 2 Cir., 249 F.2d 16, 17, certiorari denied 356 U.S. 978, 78 S.Ct. 1143, 2 L.Ed.2d 1151, we affirmed the dismissal of an action brought by a persistent suitor without valid claim upon noncompliance with an order for "a moderate bond for costs," which we held "justified in view of the background of the prior litigation." While conditions such as these need not be exactly duplicated to support an order for a costs bond, yet they do illustrate the considerations which may properly affect judicial discretion in making such an order. And they highlight the contrast with the present case where a bond extraordinary and prohibitive under the

circumstances has been sought—and obtained—apparently as a belated trial tactic, four years and four months after action brought and when an appeal to this court has disclosed a sufficient prima facie case for the plaintiff. Farmer v. Arabian American Oil Co., 2 Cir., 277 F.2d 46, certiorari denied Arabian American Oil Co. v. Farmer, 81 S.Ct. 60. We think the present order for a bond in the sum of $6,000, which for all practical purposes denies the plaintiff his day in court, transcends the bounds of sound judicial discretion and cannot stand.

■ From the previous appeal we learned that the plaintiff, Doctor Farmer, gave up his Texas medical practice to accept a firm offer of employment from the defendant and that he did actually go into service on the defendant's medical staff in Saudi Arabia, serving there for some eight months until his discharge for alleged improper medical treatment of an employee. The defendant's defense that the discharge was justified was tried before a jury which disagreed. Thereafter the district judge dismissed the action on grounds which were not applicable under the circumstances, viz., the parol evidence rule, the statute of frauds, and lack of authority in its employing agent.[1] We reversed and the Supreme Court denied certiorari. There remains for disposition the important issue—upon which the defendant has the burden of proof— as to whether or not the discharge was legally justified. Indisputably the parties are sharply at odds here, and the emotions engendered by this charge and the plaintiff's countercharges are so strong that the normal prospects for settlement in this type of case have vanished. Obviously this situation calls for the definitive assuagement of trial which should desirably be had as soon as possible.

■■ The action was commenced in the New York Supreme Court on May 24, 1956, and was removed by the defendant to the court below on the basis of the

1. This decision by Palmieri, J., D.C.S.D. N.Y., 176 F.Supp. 45, conflicted with earlier decisions of Judges Noonan and

Weinfeld in denying defendant's motions for summary judgment. See 2 Cir., 277 F.2d 46, 50, supra.

diverse citizenship of the parties. Not until September 2, 1960, did the defendant make its motion for security for costs. Nowhere does it offer any adequate explanation of its long delay.[2] Meanwhile plaintiff had incurred expenses of over $3,000 in prosecuting his action, as he proved at the hearing below.[3] Defendant's claim so extreme in amount is based upon an unusually expensive way of defending the suit. Thus it secured a bill of costs on its former trial—execution of which we naturally stayed on March 1, 1960, in view of our approaching reversal—in the total sum of $6,601.08, involving, *inter alia,* expenses of $3,995.50 for bringing three witnesses from Saudi Arabia,[4] of $231.71 for other witnesses from places such as Delaware, New Jersey, and Ohio, of daily transcripts of trial minutes of $1,812.30, and of stenographers' fees for pre-trial hearings and examinations of $361.55. The necessity for all this and for the failure to use the deposition process is not shown convincingly; but defendant asserts the need of at least like expenditures on the forthcoming retrial. Defendant with its rich resources may well wish to try the case expensively, but it does not seem just that it should force the plaintiff without such resources to guarantee payment therefor in advance. It is clear that possible loss of reimbursement for costs, should defendant eventually become so entitled, may annoy it, but cannot really prejudice it in its defense. On the other hand, plaintiff showed conclusively that he could not put up the 100% collateral required by surety companies before furnishing the bond. Truly were this order to stand it would go far in making the federal court a court only for rich litigants, as plaintiff quite properly complains.

The court found authority for its action in Rule 2(a) of the Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, which provides in pertinent part: "A plaintiff, who is not a resident of the State of New York, shall file within twenty days after service upon him of a demand therefor, a bond for costs in the sum of $250.00, unless the court, on motion and for cause shown, dispenses with the bond or fixes a different amount." This seems at once too limited an expression of the court's discretion and, as here construed, too expansive. There does not seem justification for a court of the United States to put an arbitrary and unbending clog on suits by one of its own citizens merely because he does not have the good fortune to live in New York. And the seeming compulsion found below for a bond from any nonresident for even a de luxe form of trial is hardly to be justified as a local rule within the limited authorization of F.R. 83, providing only for rules of practice not inconsistent with the general rules. The over-all discretion of the district courts, however, which appears to be restated in local Rule 2(b) should be adequate authority for such orders as to security as will facilitate, not hamper, the administration of justice. Miller v. Town of Suffield, supra, 2 Cir., 249 F.2d 16, certiorari denied 356 U.S. 978, 78 S.Ct. 1143, 2 L.Ed.2d 1151; and see cases collected in 3 Barron & Holtzoff, Federal Practice and Procedure § 1198 (Wright Ed. 1958); 3A *id.* § 1712 (Wright Ed. 1958); 6 Moore's Federal Practice 1327, 1330 (2d Ed. 1953). But in our judg-

---

2. Defendant makes much of successive increases by plaintiff, under grant of amendment by the court, of its demand for judgment from $4,000 to $160,000. But neither under federal law, F.R.Civ. P. rule 54(c), nor New York law, N.Y. C.P.A. § 479, does the demand for judgment limit the recovery where defendant has appeared and the parties are at issue; indeed we have held that amendment of the demand is superfluous. Cf.

Schwartz v. Eaton, 2 Cir., 264 F.2d 195, 197; Clark, Code Pleading 273 (2d Ed. 1947).

3. The court required testimonial evidence from the plaintiff, while accepting affidavits from the defendant.

4. It appeared that the defendant flew two of these witnesses back from Saudi Arabia in regular trips of its private planes which were not crowded and had vacant seats.

ment the order under appeal was not of this character.

The dismissal of the action must therefore be reversed and the order for the bond for costs vacated. There would seem no reason why trial on the merits should not now be had promptly.

Reversed.