Howard FARMER, Plaintiff,

v.

ARABIAN AMERICAN OIL COMPANY (a Delaware corporation), Defendant.

United States District Court
S. D. New York.

Sept. 11, 1962.

William V. Homans, New York City, for plaintiff.

White & Case, New York City, for defendant. Chester Bordeau, William D. Conwell, New York City, of counsel.

WEINFELD, District Judge.

The plaintiff who was unsuccessful in his action for breach of contract of employment, seeks to review the taxation of costs by the Clerk of the Court which have been allowed in the sum of $11,900.12.

There have been two trials, each to a jury. The first resulted in a disagreement following which the Trial Judge granted the defendant's motion for a directed verdict as to which he had reserved decision, and thereupon judgment was entered in favor of the defendant.[1] Upon appeal this judgment was reversed and a new trial ordered.[2] Upon the second trial before this Court the jury returned a verdict in the defendant's favor.

Plaintiff, a physician who specialized in ophthalmology and practiced in Texas, alleged that he had been engaged by the defendant to head up the ophthalmology service of its hospital in Saudi Arabia for as long as the defendant continued to operate its oil wells there; that after he had entered upon the performance of his duties in Saudi Arabia, he had been wrongfully discharged. Although the issues presented by the plaintiff's claim were, as this Court instructed the jury, "comparatively simple," [3] costs have been taxed in the staggering sum of $11,900.12. The Court is persuaded that a substantial number of these costs, while they may well have been incurred in serving the convenience of the defendant and its attorneys, cannot be justified as necessary in resisting the plaintiff's claim.

 Undoubtedly, parties to a litigation may fashion it according to their purse and indulge themselves and their attorneys, but they may not foist their extravagances upon their unsuccessful adversaries. To sanction such a policy may result not only in harassing a litigant, but may even deprive him of his day in court, particularly where, as in the instant case, there is great disparity in the financial resources of the parties. Fear of imposition of astronomical costs should not be a deterrent against the assertion of legitimate disputes;[4] nor should one who in good faith brings an action be penalized because he has failed to carry his burden of persuasion.[5] While this defendant, as the Court of

1. Farmer v. Arabian Am. Oil Co., 176 F. Supp. 45 (S.D.N.Y.1959).

2. 277 F.2d 46 (2d Cir.), cert. denied, 364 U.S. 824, 81 S.Ct. 60, 5 L.Ed.2d 53 (1960).

3. These were: (1) was there an employment agreement as alleged by plaintiff; (2) did defendant's representative have authority to commit it thereto; and (3) if so, was plaintiff discharged for cause?

4. Emerson v. National Cylinder Gas Co., 147 F.Supp. 543, 545 (D.Mass.1957), aff'd, 251 F.2d 152 (1st Cir. 1958).

5. See Andresen v. Clear Ridge Aviation, Inc., 9 F.R.D. 50 (D.Neb.1949). Cf. Chicago Sugar Co. v. American Sugar Refining Co., 176 F.2d 1, 11 (7th Cir. 1949), cert. denied, 338 U.S. 948, 70 S.Ct. 486, 94 L.Ed. 584 (1950).

Appeals observed, " * * * with its rich resources may well wish to try the case expensively * * *." [6] it, as the successful litigant, is entitled to tax costs only in amounts specified in applicable statutes and, where not expressly specified, the allowable costs must not only be reasonable but necessary in resisting the plaintiff's claim.

Rule 54(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A., which provides that costs "shall be allowed as of course to the prevailing party unless the court otherwise directs", vests discretion in the court in passing upon the necessity and the reasonableness of the costs.[7] The policy of the Federal Courts has been to keep litigation costs down—as particularly enunciated in Rule 1 of the Federal Rules of Civil Procedure, " * * * to secure the just, speedy, and inexpensive determination of every action." The court's discretion should be exercised in conformity with that policy to avoid " * * * making the federal court a court only for rich litigants." [8]

The plaintiff first challenges the allowance by the Clerk in a lump sum of $6,601.08, the full bill of costs as taxed after the first trial. Plaintiff seeks disallowance thereof upon the ground that the prevailing party is only entitled to tax costs of that trial in which he was ultimately successful. I do not agree. A prevailing party is entitled to tax all costs reasonably and necessarily incurred in either the prosecution or defense of a suit, and if more than one trial is required before a final result is achieved, the measure of taxable costs is not proscribed by that trial in which he finally prevailed.

Neither do I agree with the defendant's position that since the Presiding Judge at the first trial reviewed the taxation of costs, the plaintiff may not now challenge them. The reversal by the Court of Appeals of the first judgment in the defendant's favor necessarily resulted in the vacatur of the entire judgment including the costs which were a component part thereof. In fact, upon reversal of that judgment, the bill of costs which had been allowed upon review was formally vacated by an order entered in this Court. Accordingly, upon conclusion of the second trial the defendant as the prevailing party had the right to tax costs anew, whether claimed in connection with the first or second trial; and the plaintiff as the losing party equally had the right to have them reviewed de novo. Since the second trial was held before this Court it is in a position, against the background of both trials, to make a determination as to whether the various items were properly allowed by the Clerk either as mandated under statute or as reasonable and necessary.

Parenthetically, it should be noted that the Court of Appeals, in reversing an order directing the plaintiff herein to furnish security for costs, commented with respect to travel expenses of witnesses, daily transcripts of the first trial and stenographic fees for pretrial hearings and examination of witnesses that there was no convincing showing of their necessity.[9] While concededly the Court of Appeals' critical reference is obiter dictum, it is clear that it entertained serious doubt as to the allowance of those items.

The principal items attacked are transportation charges for bringing em-

---

6. Farmer v. Arabian Am. Oil Co., 285 F. 2d 720, 722 (2d Cir. 1960).

7. Harris v. Twentieth Century-Fox Film Corp., 139 F.2d 571 (2d Cir. 1943).

8. Farmer v. Arabian Am. Oil Co., 285 F. 2d 720, 722 (2d Cir. 1960).

9. Farmer v. Arabian Am. Oil Co., 285 F. 2d 720 (2d Cir. 1960). This was an appeal by plaintiff from an order which dismissed his complaint for failure to post security for costs, which order was entered after the reversal by the Court of Appeals of the judgment dismissing the complaint for legal insufficiency.

ployees of the defendant or its former employees, either from Saudi Arabia or from distances within the United States beyond the subpoena power of the Court to testify at the trials. Three witnesses were brought here from Saudi Arabia for the first trial. One travelled on a private carrier and his transportation and expenses were taxed at $1,531.50. The other two witnesses travelled in the defendant's privately operated plane which had vacant seats to accommodate them. Although it was acknowledged there would have been unoccupied seats had the witnesses not been assigned to the flight, the defendant was allowed to tax their travel fare on the basis of a bookkeeping entry which allocated the cost of the seats in accordance with a computation of the yearly cost to the defendant in the operation of its airplanes. The stark fact remains that if the seats had not been used by the two witnesses, the defendant's annual expense for plane operation would have remained precisely the same. While the computation of the average cost per passenger may serve some statistical purpose of the defendant, it affords no justification for charging this theoretical figure to the plaintiff. At the second trial the defendant did not use its own plane but transported all three witnesses by commercial air line.

 The basic issue remains—whether under all the circumstances it was necessary and reasonable to bring the witnesses from Saudi Arabia and other distant points to testify at the trials. Concededly, it is preferable to have "live witnesses" appear before the trier of the

fact than to offer their testimony by way of deposition or interrogatories;[10] but countervailing considerations including the element of expense cannot be ignored. The cost of procuring the personal attendance of witnesses may be prohibitive or so burdensome or relatively disproportionate to the sums involved in the litigation as to require alternatives.[11] In the instant case the defendant had taken the plaintiff's pretrial deposition and so was aware of his contentions in support of his claim. It knew the witnesses it would rely upon to rebut his contentions. The testimony of any witness beyond the subpoena power of the Court could have been obtained by way of deposition, open commission, written interrogatories or letters rogatory. Upon an appropriate motion, the means of obtaining the testimony of the witness would have rested with the Court which, in its discretion, could have imposed conditions with respect to which party initially was to bear the expense and provided for its ultimate taxation in favor of the prevailing party.[12]

 The defendant, instead of availing itself of pretrial procedures to obtain the testimony of such witnesses, decided to await the trial and to bring them here to testify in person. It was this decision which in large measure accounts for the huge bill of costs. Under all the circumstances the Court is of the view that these unusual expenses, entirely disproportionate to the sum involved in this action, are unreasonable and should not be allowed.[13] In the exercise of discretion, taxation of costs for those witnesses who appeared and testified at ei-

10. Bank of America v. Loew's Int'l Corp., 163 F.Supp. 924, 929 (S.D.N.Y.1958). Cf. Arnstein v. Porter, 154 F.2d 464, 469–70 (2d Cir. 1946); Morrison Export Co. v. Goldstone, 12 F.R.D. 258 (S.D.N.Y.1952); Lago Oil & Transport Co. v. United States, 97 F.Supp. 438 (S.D.N.Y. 1951); Worth v. Trans World Films, Inc., 11 F.R.D. 197 (S.D.N.Y.1951); V. O. Machinoimport v. Clark Equipment Co., 11 F.R.D. 55 (S.D.N.Y.1951).

11. Cf. Taejon Bristle Mfg. Co. v. Omnex Corp., 13 F.R.D. 448 (S.D.N.Y. 1953).

12. Fed.R.Civ.P. 30(b). See Branyan v. Koninklijke Luchtvaart Maatschappij, 13 F.R.D. 425 (S.D.N.Y.1953).

13. Cf. Taejon Bristle Mfg. Co. v. Omnex Corp., 13 F.R.D. 448 (S.D.N.Y.1953).

**196**

ther trial will be limited to per diem fees for attendance and travel expenses not to exceed one hundred miles to and from the Court House. Thus, there is no occasion to deal with the question of whether in a proper case the Federal Rules of Civil Procedure [14] and the Judicial Code [15] authorize the taxation of transportation expenses of witnesses who travel to the place of trial more than one hundred miles or a further distance within the district.[16]

■ Another major item of expense is for daily transcripts of the minutes of both trials. This Court did not request the trial minutes. During the progress of the trial it made its own notes and abstract of the testimony of the various witnesses. There was nothing unusual or complicated about the issues presented under the pleadings. Undoubtedly it serves the convenience of counsel to have a witness' testimony as the trial proceeds, but absent a showing of necessity therefor, these may not be charged to an opposing side.[17] However much it might have made trial counsel's labors, or even the Court's, easier to have the overnight transcripts, this does not establish that they are indispensable for proper cross-examination as now urged. An entirely different situation is presented in the instance of a complicated and extended trial where lawyers are required to submit briefs and proposed findings.

The argument advanced that the jury requested the reading of portions of the testimony does not support the defendant's claim for repayment for the daily transcript. It is fairly common experience that a jury during its deliberation asks that a particular witness' testimony be read; in such a situation the official court reporter reads from his original notes. Of course, if a transcript is available, the reporter may use it, but some courts have required that he always read from his original notes. There has been no showing to justify the charge for the transcript of the trials and they, too, are disallowed.

■ Another item for a stenographer's minutes points up the free and easy approach adopted by the defendant in incurring expense. In the first bill of costs an item allowed was for a verbatim transcription of counsel's oral argument on the defendant's pretrial motion for summary judgment. This Court, before whom the motion was argued, neither requested nor indicated that it was interested in obtaining a copy of counsel's oral argument. Yet the transcript thereof was ordered by defendant. This item, as well as other charges for minutes of legal arguments at various pretrial hearings on motions, are disallowed.[18]

■ The Court also disallows the cost for photostats of exhibits which were either received in evidence or marked for identification. The originals were available and produced in court and there is no showing of necessity for the photostats other than the convenience of counsel.

■ With respect to the pretrial deposition of plaintiff, a question has arisen as to the rate per page charged. The

14. Fed.R.Civ.P. 45(e), 54(d).

15. 28 U.S.C. §§ 1821, 1920(3) (1958).

16. Compare Maresco v. Flota Mercante Grancolombiana, 167 F.Supp. 845 (E.D. N.Y.1958), and Bank of America v. Loew's Int'l Corp., 163 F.Supp. 924 (S.D. N.Y.1958), with Spiritwood Grain Co. v. Northern Pac. Ry., 179 F.2d 338, 344 (8th Cir. 1950), Ryan v. Arabian Am. Oil Co., 18 F.R.D. 206 (S.D.N.Y.1955) (dictum), and Perlman v. Feldmann, 116 F.Supp. 102, 115 (D.Conn.1953). See

also Ludvigsen v. Commercial Stevedoring Co., 228 F.2d 707 (2d Cir.), cert. denied, 350 U.S. 1014, 76 S.Ct. 660, 100 L. Ed. 874 (1956).

17. 28 U.S.C. § 1920(2) permits the taxation of "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case."

18. Cf. Perlman v. Feldmann, 116 F.Supp. 102, 112 (D.Conn.1953).

taxation of this item shall not exceed the authorized rate per page for a single copy.[19]

In sum, the following are disallowed:

Items 2 (except minutes of 10/8/56 and 5/6/59 are allowed), 3, 4, 5, 6, 7, 10 and 12 contained in the first bill of costs, and I, IV(D), (E), (F), (H), (I) and (J) in the second bill of costs (except that mileage and expenses of witnesses at both trials are allowed as limited above).

[19]. Order of the United States District Court for the Southern District of New York dated December 27, 1948 and filed December 28, 1948, as amended by an order dated and filed April 7, 1958, based upon the recommendation of the Judicial Conference of the United States.