**A. AND R. THEATRE CORP. et al.,**
**Plaintiffs,**

**v.**

**AZTECA FILMS, INC., et al., Defendants.**

United States District Court
S. D. New York.

Oct. 8, 1962.

---

See also 32 F.R.D. 47.

Monroe Stein, New York City, for plaintiffs.

Jacob Leff, Weisman, Celler, Allan, Spett & Sheinberg, New York City (Joseph R. Margulies, New York City, of counsel), Mervin C. Pollak, New York City (Paul Berger, New York City, of counsel), and Jacob Rosenbloom, New York City, for defendants.

DAWSON, District Judge.

These are various motions brought in connection with the above action which has been assigned to the undersigned for all purposes. The action is an omnibus action instituted by eight plaintiffs against some twenty-seven defendants. The complaint was filed on March 30, 1959. The action has not been pressed vigorously since that time and attempts at pre-trial conferences to get the case ready for trial have proved abortive.

The action is one brought under the antitrust laws. It has eighteen causes of action. The first cause of action seeks damages in the sum of $1,365,000; the second cause of action seeks damages in the sum of $2,250,000. The others seek damages in varying amounts.

In an attempt to define the issues, it was agreed at a pre-trial conference held in 1961 that comprehensive interrogatories would be presented to and answered by the various plaintiffs. Such interrogatories were served upon the plaintiffs in June 1961. No answers were prepared or served until by compulsion of the Court at another pre-trial conference held in June of 1962 answers were served on or about August 12, 1962. These answers are the subject of a motion which is here considered.

However, before considering the answers to interrogatories, the Court is faced with a more serious problem. It appears from the motion papers that each of the plaintiffs was dissolved between December 15, 1959 and December 15, 1961 by the State of New York for non-payment of many years franchise taxes. It is therefore urged that they have no legal capacity to sue. There are attached to the motion papers certificates showing the dissolution of these corporations for non-payment of taxes.

Under Section 29 of the General Corporation Law of New York, upon the dissolution of a corporation for any cause its corporate existence continues for the purpose of "collecting and distributing its assets and doing all other acts required to adjust and wind up its business and affairs, and it may sue and be sued in its corporate name." The section further provides that "Unless other persons shall be designated by law or by a court of competent jurisdiction, the directors shall have full power to settle its affairs and to distribute to the persons entitled thereto the assets remaining after the payment of debts and necessary expenses." It therefore appears that the corporations had the power to sue and to be sued, even after their dissolution for non-payment of taxes. However, the answers to interrogatories filed by the various plaintiffs cast doubt upon the authority of the persons who purport to maintain the action in the names of these corporations. To the interrogatories inquiring as to the names of the directors and officers of the plaintiff

corporations we have such answers as these:

By A. and R. Theatre Corp.: "From 1950 to 1956 Ansell and Goldberg functioned as de facto directors. Thereafter Ansell acted as sole de facto director."

Artistic Theatre Corp.: "Incorporators were original directors. Thereafter, although the minute book shows no resignation and no further meeting of the directors, Jeanne Ansell and Samuel Goldberg acted as de facto directors of the corporation."

The same answer was made by plaintiffs Brook Avenue Operating Corp., Central Park Theatre Operating Corp., Madison Avenue Theatre Operating Corp, and Westchester Theatre Operating Corp.

The answer of Tiffany Theatre Corp. says: "In 1953–1954 Jeanne Ansell and Irving Rosenblum were de facto directors of the corporation and from 1954 to 1956 Selma Tanchain and Jeanne Ansell were the de facto directors. Thereafter Jeanne Ansell functioned as the sole de facto director."

The answers to the interrogatories were similarly vague about the officers of the plaintiff corporations.

The answer of A. and R. Theatre Corp. states: "On organization Fisch was president and Goldberg secretary. Thereafter Jeanne Ansell assumed and performed all functions of the executive manager of the corporation and was the de facto president."

The answer of Artistic Theatre Corp. does not state who the present officers of the corporation are.

The answer of Brook Avenue Theatre Operating Corp. states: "On incorporation Samuel Goldberg was elected president and Albert Berger, secretary. However, from the incorporation of the corporation Jeanne Ansell was de facto president and performed all the executive functions of said office and supervised the theatre's operations."

Similar answers were given by Central Park Theatre Operating Corp. and Westchester Theatre Operating Corp.

The answer of Tiffany Theatre Corp. says: "From 1950–1952 Harry Green was president, Irving Rosenblum treasurer and Selma Tanchain, secretary. Thereafter Jeanne Ansell functioned as the de facto president of the corporation."

Section 29 of the General Corporation Law of New York provides that upon dissolution of a corporation the directors may appoint officers of the corporation and a majority of the remaining directors may from time to time elect directors to fill vacancies occurring in the board of directors. If there are no remaining directors the members may elect a new board at a meeting held for such purpose.

The law does not contemplate any such office as a "de facto director" or "de facto president." Nor does it contemplate that a person may "assume" the office.

The answers to the interrogatories by the respective plaintiffs indicate doubt that the persons now conducting this litigation are authorized to do so for the corporations which have been declared defunct by the State of New York. This is a matter which should be cleared up immediately since the attorneys for the plaintiffs have sought by use of the discovery processes of the court to put defendants to considerable expense and inconvenience and if they are not properly representing corporations operating according to the laws of the State of New York the defendants might have no recourse if further actions were later brought by properly authorized officers. This is particularly important since it has been admitted that Jeanne Ansell, who executed the answers to interrogatories and who is referred to in numerous of the interrogatories, and who seems to direct the litigation, has been herself convicted of criminal offenses against the United States involving the non-payment of taxes and has spent a term in jail.

The answers to the interrogatories are made by a person who has no apparent authority under the law to make

those answers. The litigation is being conducted by persons who under the law have no apparent authority to conduct the litigation. The plaintiffs are obviously without funds with which to respond in the event the defendants should be successful in the litigation.

The Court has heretofore, in a pretrial conference, entered an order directing plaintiffs to file answers to interrogatories on or before August 16, 1962 and to complete their discovery proceedings and file a note of readiness for trial prior to August 31, 1962. Plaintiffs now state that they are unable to comply with that order and seek an extension of time. Defendants filed objections to the answers to interrogatories. Plaintiffs have responded by filing a further elaborate set of interrogatories for defendants to answer, to which defendants object. Defendants also made a motion, pursuant to Rule 2 of the General Rules of this court, to require each plaintiff to file security for costs in a sum of not less than $2,000.

A hearing has been had on these motions and briefs have been submitted.

The Court disposes of these motions as follows:

1. The objections of the defendants to plaintiffs' answers to interrogatories are sustained. Further full and complete answers verified by an officer of the corporation qualified to act shall be filed within ninety (90) days from the date of this order.

2. The motion of the defendants to require security for costs is disposed of as follows: Each plaintiff shall, within ten (10) days of the date of this order, file security for costs in the sum of not less than $500. In the event that such security is not filed, application may be made for the relief provided in Rule 2 of the General Rules of this court.

3. Further proceedings by the plaintiffs in this action are stayed until the plaintiffs and each of them shall file with the Court a sworn statement of the present officers and directors of the plaintiff corporations and a statement showing by whom such officers and directors were elected or appointed, in accordance with Section 29 of the General Corporation Law of the State of New York.

It is so ordered.