**A. AND R. THEATRE CORP. et al.,**
**Plaintiffs,**

v.

**AZTECA FILMS, INC., et al., Defendants.**

United States District Court
S. D. New York.

Nov. 13, 1962.

Monroe Stein, New York City, for plaintiffs.

Jacob Leff, New York City, for defendant Azteca Films.

Weisman, Celler, Allan, Spett & Sheinberg, New York City, for defendants Anho Amusement Corp. and Max A. Cohen; Joseph R. Margulies, New York City, of counsel.

Mervin C. Pollak, New York City, for defendants Clasa-Mohme, Inc. and Mexfilms, Inc.

DAWSON, District Judge.

This is a motion for an order striking out the complaint of all the plaintiffs herein and dismissing all causes of action on the ground of plaintiffs' failure to comply with the order of this Court, dated October 8, 1962, directing each plaintiff herein to file security for costs in the sum of not less than Five Hundred ($500.00) Dollars within ten (10) days of the date of said order.

A hearing was held. It was admitted that plaintiffs have not filed security for costs; it was stated that they do not intend to do so.

The motion is made pursuant to Rule 2 of the Civil Rules of this Court which reads as follows:

"The court, on motion or on its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it

may designate. For failure to comply with the order the court may make such orders in regard to non-compliance as are just, and among others the following: an order striking out pleadings or staying further proceedings until the bond is filed or dismissing the action or rendering a judgment by default against the non-complying party."

The reasons for requiring security for costs in this action are set forth in the memorandum decision of the Court dated October 8, 1962.

Ordinarily, of course, security for costs is not required from a domestic corporation. However, the circumstances in this action are unique. It appears that this is a voluminous antitrust action brought by eight plaintiffs against some twenty-seven defendants. There are eighteen causes of action seeking damages of many millions of dollars. It appears without contradiction that each one of the plaintiffs has been dissolved by the State of New York, between December 15, 1959 and December 15, 1961, for non-payment of many years franchise taxes. It also appears, as is shown by the memorandum opinion of October 8th, that the corporations have no properly designated or elected officers or directors. It was admitted at the hearing that none of the corporations has any assets and that none of them is engaged in business. The action appears to be directed by a Jeanne Ansell who, according to answers to interrogatories, "assumed" certain offices of the corporations. It was stated at the oral argument without contradiction that Miss Ansell is herself an ex-convict who has served a period of time in jail for non-payment of taxes.

 The litigation is an expensive one to maintain. To answer the interrogatories propounded by the plaintiffs would require the expenditure of hundreds and possibly thousands of dollars. We have, therefore, plaintiffs who are merely "shells" or "ghosts" without assets who seek to use the processes of this court to compel the defendants to go through expensive and extensive pre-trial preparation. The Court has simply required that each plaintiff post security of Five Hundred ($500.00) Dollars for costs. Any one plaintiff could post it and continue the suit, if the people who are conducting the litigation have sufficient interest in the litigation to warrant them putting up the security for costs. Apparently nobody is sufficiently interested in the litigation to post this security for costs for any one of the plaintiff corporations.

■ Under the circumstances the Court will not dismiss the actions but will follow the alternative relief provided for in Rule 2 of staying further proceedings until security for costs is filed.

It is therefore ordered that all proceedings in the aforesaid action shall be stayed until security for costs is filed by a plaintiff or plaintiffs, in accordance with the order of October 8, 1962.