**LESLIE ONE–STOP IN PENNSYLVANIA, INC., doing business as Record Distributors, Plaintiff,**

v.

**AUDIOFIDELITY, INC. and Sidney Frey, individually and doing business as Dauntless International, Defendants.**

United States District Court
S. D. New York.
March 20, 1963.

Joseph A. Ruskay, New York City, for plaintiff.

Laporte & Meyers, New York City, for defendant Audiofidelity, Inc.

Herbert Kanon, New York City, for defendant Sidney Frey.

McLEAN, District Judge.

Defendants have moved for an order requiring plaintiff to post security for costs in the aggregate amount of $6,000. Although each defendant has made a separate motion, I will treat them as though both defendants had joined in a single motion, as defendants usually do.

This is a private treble damage action to recover $1,200,000 for alleged violation of the antitrust laws. Plaintiff, a Pennsylvania corporation, has been out of business since 1958 and is admittedly "completely without funds." Its president and principal stockholder is apparently also the principal stockholder of other corporations engaged in business similar to plaintiff's former business, i. e., selling phonograph records. There is no claim that he is in straitened financial circumstances.

Under Civil Rule 2 of this court the relief sought on this motion lies within the court's discretion, which must be exercised after consideration of all relevant factors. From the papers before me it cannot be said that plaintiff's action is obviously without merit, as was the case in Miller v. Town of Suffield, 249 F.2d 16 (2d Cir. 1957), cert. denied 356 U.S. 978, 78 S.Ct. 1143, 2 L.Ed.2d 1151 (1958), where a bond was required. Moreover, even though it may well be that defendant will incur substantial expense in the defense of this action, the portion of that expense which will ultimately be taxed as costs, in the event that defendant succeeds at the trial, cannot be predicted with any definiteness at this stage. Many of the larger items of costs are discretionary, and on occasion they have been disallowed by the court. Farmer v. Arabian American Oil Co., 31 F.R.D. 191 (S.D.N.Y.1962)

The fact remains, however, that plaintiff is conceded to be a mere corporate shell, without business or assets. It is therefore obvious that unless a bond is required, defendant will be unable to recover any of its costs if it prevails in the action. Under such circumstances, justice requires that some security in a moderate amount be furnished. A & R Theatre Corp. et al. v. Azteca Films, Inc. et al., 218 F.Supp. 893 (S.D.N.Y., Dawson, J., 1962); A. & R. Theatre Corp. v. Azteca Films, Inc., 32 F.R.D. 47 (S.D.N.Y.1962).

I cannot believe that this will make it impossible for plaintiff to continue its action, for it is apparent that someone,

presumably plaintiff's president and stockholder, is sponsoring this action in the hope of benefiting by a recovery by plaintiff of a substantial sum. Were it not so, the action would never have been begun, for the plaintiff was out of business some years before the complaint was filed.

The motions are granted to the extent of directing plaintiff to file a single bond in the amount of $500 covering both defendants.

So ordered.