William LEIGHTON, Plaintiff-Appellant,

v.

PARAMOUNT PICTURES CORPORA-
TION, Barney Balaban, Edwin Weisl
and Paul E. Manheim, Defendants-Ap-
pellees.

No. 14, Docket 28831.

United States Court of Appeals
Second Circuit.

Argued Sept. 24, 1964.

Decided Jan. 12, 1965.

William Leighton, plaintiff-appellant, pro se.

Leonard Kaufman, New York City, for defendant-appellee, Paramount Pictures Corp.

Whitney North Seymour, Jr., New York City (Simpson, Thacher & Bartlett, New York City), for defendants-appellees, Barney Balaban, Edwin L. Weisl and Paul E. Manheim.

Before MOORE, SMITH and KAUFMAN, Circuit Judges.

MOORE, Circuit Judge:

On October 8, 1963, Leighton (appellant) began a shareholder's derivative action by filing a vague and conclusory complaint which appeared to charge that the individual defendants, directors of Paramount Pictures Corporation, wasted corporate assets and plundered the corporate treasury. Leighton requested that various sums paid by Paramount be recovered from the individual defendants, that a receiver be appointed for Paramount, that various contracts to which Paramount was a party be cancelled, and that an injunction be issued against further payments by it without the permission of the stockholders. Jurisdiction was based on the Securities and Exchange Act of 1934, 15 U.S.C. § 78aa, and "the postal statutes." 28 U.S.C. § 1339.

Leighton argues that a variety of errors was committed in the decisions on the various aspects of this litigation as it proceeded in the trial courts. Assuming *arguendo* that certain of the orders appealed from were appealable under the "collateral order" doctrine of Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), we find no merit in any of Leighton's contentions.

On December 23, 1963, Judge Croake ordered Leighton to post $2,000 as security for expenses pursuant to Rule 2, Civil Rules for the Southern and Eastern Districts.[1] This order also stayed "all proceedings on the part of the plaintiff" until security was posted but "without prejudice" to Leighton's right to file a motion to vacate the stay.

Rule 2 clearly empowered the District Court to compel security for costs in this derivative suit. This Rule does not attempt, contrary to the direction of Fed.R.Civ.P. 83, to avoid the procedural requirements incident to temporary injunctions issued under Fed.R. Civ.P. 65, but serves only to implement a limited grant of judicial control over the administration of a lawsuit. A temporary injunction, on the other hand, preserves the entire status quo between the parties and often serves as the equivalent of an adjudication of the merits.

Nor did the imposition of the stay and security requirement before the parties joined issue constitute an abuse of judicial discretion. Security may be required and the order enforced even where a plaintiff's claim has some merit. Leslie One-Stop in Pennsylvania, Inc. v. Audiofidelity, Inc., 33 F.R.D. 16 (S.D.N.

1. *"Rule 2—Security for Costs.*

"The court, on motion or on its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it may designate. For failure to comply with the order the court may make such orders in regard to noncompliance as are just, and among others the following: an order striking out pleadings or staying further proceedings until the bond is filed or dismissing the action or rendering a judgment by default against the non-complying party."

Y. 1963). Leighton's status as a *pro se* litigant in no way of itself impugns the character of this litigation but under Rule 2 a court may take all the pertinent circumstances into account including the conduct of the litigants and the background and purpose of the litigation. Miller v. Town of Suffield, 249 F.2d 16 (2d Cir. 1957), cert. denied 356 U.S. 978, 78 S.Ct. 1143, 2 L.Ed.2d 1151 (1958). Here Leighton was an habitual *pro se* litigant whose claims were often conclusory and lacking in legal merit. The amount of security required is relatively modest and Leighton has failed to show that he would be financially unable to post the required amount. The security requirement and stay thus represent reasonable measures designed to further the effective administration of this suit and do not unduly prejudice Leighton in the pursuit of his claim. Farmer v. Arabian American Oil Co., 285 F.2d 720 (2d Cir.), cert. denied, 364 U.S. 824, (1960); Rockaway Pix Theater, Inc. v. Continental Distrib. Inc., 7 Fed.Rules Serv.2d 83.611, Case 2 (E.D.N.Y.1963).

On March 2, 1964, Leighton was held in contempt of the stay by Judge Sugarman. 63 Civ.2924, S.D.N.Y. This contempt citation grew out of a motion made by Leighton on January 22, 1964, to strike all defenses "filed in this action by the defendants up to and including" January 7th because of the alleged misconduct of the individual defendants' counsel in permitting an attorney not admitted to the Bar of the District Court to participate in the preparation of their briefs. On the merits this contention is insubstantial since counsel could have been admitted *pro hac vice*, since his participation in the case beyond his research function seems to have been minimal and since the motion ignores the continuous participation in the case of the corporate defendant's counsel. In any event, as Judge Sugarman observed, Leighton disobeyed the express mandate of the stay by his motion because the relief requested went far beyond a mere vacatur of the security and stay order of December 23, 1963. It is axiomatic that a court order must be obeyed, even assuming its invalidity, until it is properly set aside. United States v. United Mine Workers of America, 330 U.S. 258, 289–295, 67 S.Ct. 677, 91 L.Ed. 884 (1947).

The remainder of Leighton's arguments have been considered but do not require discussion.

Affirmed.