GIFT STARS, INC., Plaintiff,

v.

Bernie M. ALEXANDER, Defendant and Third-Party Plaintiff,

ALUMINUM COMPANY OF AMERICA et al., Third-Party Defendants.

United States District Court
S. D. New York.
June 3, 1965.

Charles Trynin, New York City, for plaintiff.

Kane, Dalsimer & Kane, New York City, Thomas J. Byrne, New York City, of counsel, for defendant.

TENNEY, District Judge.

The third-party defendants, Kraft Foods Division of the National Dairy Products Corporation, and Safeway Stores, Inc., move herein to require defendant and third-party plaintiff Bernie M. Alexander (hereinafter referred to as "Alexander"), to post a bond for costs pursuant to Rule 2 of the Civil Rules of United States District Courts for the Southern and Eastern Districts of New York (hereinafter referred to as "Rule 2").

Rule 2 provides as follows:

"Security for Costs.

The court, on motion or on its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it may designate. For failure to comply with the order the court may make such orders in regard to noncompliance as are just, and among others the following: an order striking out pleadings or staying further proceedings until the bond is filed or dismissing the action or rendering a judgment by default against the non-complying party."

Subsequent to the making of the within motion, five (5) additional third-party defendants were served with summonses and complaints (P. Lorillard Co.; Simoniz Co.; Tetley Tea Division of Beech-Nut Life Savers, Inc.; Virginia Dare Stores Corp.; Mead Johnson & Company (Edward Dalton Company)), who will also be considered as movants herein.

The motion by Alexander to add these twenty-one third-party defendants to the action by way of his counterclaim was granted by Judge Weinfeld "without prejudice after joinder to all third-party defendants named in the counterclaim to move for security under Rule 2." At that time, however, Alexander had not petitioned to proceed in "*forma pauperis*".

In opposition to the motion to file the bond, Alexander petitions this Court for the first time to proceed in "*forma pauperis*", pursuant to Section 1915 of Title 28 of the United States Code.

In support of his petition, Alexander states that he is a poor person, that he has been on "Home Relief" from the Welfare Department since November 1964; that he is being treated as a charity outpatient at St. Luke's Hospital, and that by reason of his disabilities he is unable to earn a living.

However, Alexander is represented in this action by retained counsel, as he is in another action in this court, Alexander v. King Korn Stamp Co., et al., 65 Civ. 444, March 3, 1965. In addition, Alexander did not petition in that action to proceed in *"forma pauperis"*, and apparently paid both the filing fee and service of process costs. Moreover, by a stipulation dated May 4, 1965, and signed both by Alexander and his attorney, the King Korn action above was settled for a sum of $7,000 payable to Alexander as plaintiff therein. All these factors weigh against the sufficiency of the petition to proceed in *"forma pauperis."*

■ In a supplemental affidavit, Alexander's attorney asserts that of the $7,000 collected, part went for attorneys' fees and part for unpaid rent, and that there are still some $30,000 worth of unpaid judgments outstanding against Alexander. He then argues, with ample authority, that an individual need not be penniless in order to invoke the *"forma pauperis"* statute. See Sejeck v. Singer Mfg. Co., 113 F.Supp. 281 (D.N.J.1953).

■ As was stated by the Supreme Court in Adkins v. E. I. Du Pont De Nemours & Co., 335 U.S. 331, 339, 69 S.Ct. 85, 89, 93 L.Ed. 43 (1948): "To say that no persons are entitled to the statute's benefits [28 U.S.C. § 1915] until they have sworn to contribute to payment of costs, the last dollar they have or can get, and thus make themselves and their dependents wholly destitute, would be to construe the statute in a way that would throw its beneficiaries into the category of public charges. * * * We think a construction of the statute achieving such consequences is an inadmissible one."

■ The petition itself is in the language of the statute and sets forth all the information therein required. Accordingly, on its face it is sufficient in form and substance and will be accepted. See Adkins v. E. I. Du Pont De Nemours & Co., supra. However, as will be noted infra, while a petition to proceed in *"forma pauperis"* may be accepted and permission granted to so proceed, the petition is not thereafter insulated from attack in view of the language in subdivision (d) of Section 1915. Thus, while permission should be freely granted where the affidavits are in the language of the statute, the petition may thereafter be successfully challenged, as will shortly be noted.

At this juncture, a brief discussion of Rule 2 and its relation to the *"forma pauperis"* statute would appear to be in order.

One of the predecessor forms of Rule 2 was Rule 7 of the Temporary Local District Court Rules, September 22, 1939. It required the posting of a bond in the amount of $250. by a non-resident as a prerequisite to filing a complaint (see Farmer v. Arabian American Oil Co., 285 F.2d 720 (2d Cir.), cert. denied, 364 U.S. 824, 81 S.Ct. 60, 5 L.Ed.2d 53

(1960)), and a bond of like amount by other parties on motion or on the Court's own initiative. The Court, under the Rule was empowered to either dispense with the posting of a bond or fix a different amount as the circumstances required. In discussing this power, the Note after the Rule stated: "Subdivision (a) [non-residents] gives the Court necessary discretion to dispense with a bond or lessen its amount in *forma pauperis* cases and in other cases where an inelastic requirement would work a hardship."

The Rule has now been revised so as to eliminate a specific reference to the fact that non-residents must post a bond and to provide that any party *may* be required to post a bond. However, if a *"forma pauperis"* case was an exception to the rigid requirement of a non-resident posting a bond, *a fortiori* it is an exception to the requirement of a resident pauper posting a bond under the present Rule 2.

Moreover, I have been cited to no cases, nor have I found any wherein a bond was required to be posted in spite of the fact that grant had been given to proceed in *"forma pauperis"*.

Thus, for example, in Leslie One-Stop in Pennsylvania, Inc. v. Audiofidelity, Inc., 33 F.R.D. 16 (S.D.N.Y.1963), Judge McLean of this Court required the posting of a bond by a corporation "conceded to be a mere corporate shell, without business or assets." Id. at 17. However, Judge McLean further observed that he did not believe that the requirement of posting the bond would "make it impossible for plaintiff to continue its action, for it is apparent that someone, presumably plaintiff's president and stockholder, is sponsoring this action in the hope of benefitting by a recovery by plaintiff of a substantial sum." Id. at 17–18.

Similarly, in Rockaway Pix Theatre, Inc. v. Continental Distrib., Inc., 7 F.R. Serv.2d 83.611 Case 2 (E.D.N.Y. June 25,

1963, per Dooling, J.), the Court stated that plaintiff "is not proceeding, and does not seek to proceed in forma pauperis." Id. at 1245.

In Leighton v. Paramount Pictures Corp., 340 F.2d 859, 861 (2d Cir. 1965), the Court of Appeals for this Circuit on review of a decision requiring the posting of security for costs under Rule 2, observed that "[t]he amount of security required is relatively modest and Leighton has failed to show that he would be financially unable to post the required amount." [1]

The same is true of Miller v. Town of Suffield, 249 F.2d 16 (2d Cir. 1957), cert. denied, 356 U.S. 978, 78 S.Ct. 1143, 2 L.Ed.2d 1151 (1958), wherein there was no discussion of the plaintiff's ability or inability to post a bond, and, in addition, plaintiff was there characterized as an habitual litigant, a characterization seemingly not present in the case at bar.

In addition, the decisions in A & R Theatre Corp. v. Azteca Films, Inc., 218 F.Supp. 893 (S.D.N.Y.1963) and A & R Theatre Corp. v. Azteca Films, Inc., 32 F.R.D. 47 (S.D.N.Y.1963) are similarly distinguishable.

█ In any event, I do not construe Rule 2 as a means to prevent indigent litgants with meritorious claims from proceeding in this Court by requiring them to post security. In the case at bar, assuming the validity of the petition, we would be requiring a resident plaintiff to post security merely because of the fact that he was poor and it is doubtful at best whether costs, if taxed, could be collected from him. "Security for costs is never required merely on the ground of poverty, in the absence of a statute or rule of court expressly or by implication making it a ground." 20 C.J.S. Costs § 129 at 374 (1940).

█ It would be incongruous to permit a party to proceed in *"forma pauperis"* (and not to either modify or withdraw that permission thereafter) and,

---

1. If anything, the Leighton decision appears to infer that if Leighton were unable to post the bond, he would not be required so to do.

nonetheless, require a bond to be posted. Accordingly, Rule 2 of our local rules must be deemed modified in cases of indigent persons entitled to the benefits of Section 1915 of Title 28. In fact, the present rules use the permissive term "may" insofar as ordering a bond is concerned, and, as noted above, the prior rule specifically made reference to the power of the Court regarding poor persons.

■ While the Court will not permit the invocation of Rule 2 in cases of indigent persons, the mere fact that a petition to proceed in *"forma pauperis"* conforms to the statutory language and is therefore granted, does not preclude subsequent inquiry into the substantive sufficiency of the petition. See Stiltner v. Rhay, 322 F.2d 314 (9th Cir. 1963), cert. denied, Stiltner v. Washington, 376 U.S. 920, 84 S.Ct. 678, 11 L.Ed.2d 615 (1964).

■ It must be borne in mind that "[t]he right to proceed in forma pauperis is not an unqualified one, Loum v. Underwood, 6 Cir. 1959, 262 F.2d 866. It is a privilege rather than a right. Application of Pierce, 9 Cir., 1957, 246 F.2d 902." Jefferson v. United States, 277 F.2d 723, 725 (9th Cir.), cert. denied, 364 U.S. 896, 81 S.Ct. 27, 5 L.Ed.2d 190 (1960).

■ To be balanced against the right of all persons, indigent and wealthy, to have access to this Court, is the right of a person not to be vexed by a frivolous and harassing or maliciously-brought law suit. It cannot be doubted that a litigant would tread more warily in bringing such a suit if required to post a bond, at the outset, and if he realized that costs may be taxed against him.

■ It is accordingly necessary in proceedings wherein a *forma pauperis* petition is submitted, to determine whether the suit is brought in good faith or is frivolous. In fact, subdivision (d) of the statute specifically provides that the Court "may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."

As the Fourth Circuit Court of Appeals stated in Fletcher v. Young, 222 F.2d 222, 224 (4th Cir.), cert. denied, 350 U.S. 916, 76 S.Ct. 201, 100 L.Ed. 802 (1955):

> Power to dismiss an action on motion under 28 U.S.C. § 1915(d) on the ground that it is frivolous is not limited or impaired by the provisions of Rule 12(b) of the Rules of Civil Procedure, 28 U.S.C. The ground of such motion is not a defense, within the meaning of that rule, but action in accordance with the public policy embodied in the statute, viz. that, while persons who are unable to pay costs or give security therefor should be allowed to prosecute or defend actions for the protection of their rights without being required to pay costs or give security, they should not be allowed under the cover of the statute to abuse the process of the court by prosecuting suits which are frivolous or malicious. As said by Judge Aldrich in O'Connell v. Mason [1 Cir.], supra, 132 F. 245, 247:
>
> > "It is quite clear that Congress, while intending to extend to poor and meritorious suitors the privilege of having their wrongs redressed without the ordinary burdens of litigation, at the same time intended to safeguard members of the public against an abuse of the privilege by evil-minded persons who might avail themselves of the shield of immunity from costs for the purpose of harassing those with whom they were not in accord, by sub-

jecting them to vexatious and frivolous legal proceedings."

The better procedure, however, is not to make that determination at the outset unless it is clearly called for on the face of the petition. It is advisable rather to grant permission to proceed in *"forma pauperis"* if the petition on its face conforms to the statute, subject to a motion made under Section 1915(d).

We may add, however, that we think there is merit in the suggestion of the Court of Appeals for the Tenth Circuit that, in most cases, the preferable procedure for the District Court to follow is to grant leave to proceed in forma pauperis if the requirements of 28 U.S.C.A. § 1915(a) are satisfied on the face of the papers submitted, and dismiss the proceeding under 28 U.S.C.A. § 1915(d) if the court thereafter discovers that the allegation of poverty is untrue or the action is frivolous or malicious. Oughton v. United States, 310 F.2d 803, 804 (10th Cir. 1962), and cases there cited. See also United States ex rel. Morris v. Radio Station WENR, 209 F. 2d 105, 107 (7th Cir. 1953). This procedure is more likely to result in the development of an adequate record.

Stiltner v. Rhay, 322 F.2d 314, 317 (9th Cir. 1963), cert. denied Stiltner v. Washington, 376 U.S. 920, 84 S.Ct. 678, 11 L.Ed.2d 615 (1964).

This is the procedure that I have followed herein.

On the record presently before the Court, however, it is impossible to make a determination as to (a) whether the suit is brought in bad faith,[2] or (b) whether the claim is frivolous, or (c) whether the allegation of poverty is un-true. An expeditious resolution of these issues is clearly warranted.

If Alexander's petition and/or cause of action does not fall within the subdivisions just noted, he should not be impeded by reason of his indigency from vindicating his rights. On the other hand, if it does, he should not be permitted to harass these third-party defendants and run up a bill of costs which will not be collected.

With these ends in mind, the motions are disposed of as follows:

1) Alexander is to appear for the taking of his deposition within forty (40) days of the entry of an order to be entered herein, and on default thereof counsel may submit an appropriate order.

2) The time within which the third-party defendants heretofore served can answer or move, under any appropriate rule, is extended to within twenty (20) days after the signing of the deposition by Alexander.

3) The petition to proceed in *"forma pauperis"* is granted without prejudice to the third-party defendants to move within twenty (20) days after the signing of the deposition, pursuant to subdivision (d) of Section 1915.

4) The motion pursuant to Rule 2 is denied without prejudice to renewal thereof in the event that the permission heretofore granted to proceed in *"forma pauperis"* is withdrawn.

5) The two depositions heretofore noticed by Alexander may be taken within this time period as well.

6) All other proceedings on the counterclaim are stayed until twenty (20) days after the signing of Alexander's deposition or until further order of this Court.

Settle order on notice in conformity herewith.

---

2. See letter dated July 1, 1964, sent by Alexander to Eavey Super Valu, Inc., a supermarket chain, not named as a third-party defendant herein, annexed to plaintiff's "Second Application for a Temporary Restraining Order."