779 F.2d 49
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
AURSCANT HUGHEY BEY Plaintiff-Appellant,
v.
WILLIAM ALLEN, ET AL., Defendants-Appellees.
 85-1311
 United States Court of Appeals, Sixth Circuit.
 10/1/85
 
 VACATED AND REMANDED
 E.D.Mich.
 ORDER
 BEFORE: MARTIN and JONES, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 
 
 1
 This pro se plaintiff moves the Court to appoint counsel in his appeal from a district court judgment summarily dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983. Seeking injunctive, declaratory and monetary relief, plaintiff sued eleven defendants charging them with arresting him and seizing his property without probable cause, detaining him for eighty-three days without probable cause, denying him a speedy arraignment, denying him effective assistance of counsel, conspiring with each other in an attempt to force the plaintiff to plead guilty to a crime he did not commit, and operating illegal policies and practices which permitted his life, liberty and property to be deprived without due process of law. After allowing the plaintiff to proceed in forma pauperis, the district court summarily dismissed the suit as frivolous under 28 U.S.C. Sec. 1915(d).
 
 
 2
 Upon review of the dismissal of a pro se plaintiff's complaint, the allegations of the complaint are taken to be true, Hughes v. Rowe, 449 U.S. 5, 9-10 (1980) (per curiam), and the summary dismissal under 28 U.S.C. Sec. 1915(d) may be upheld as an exception to this Court's rule announced in Tingler v. Marshall, 716 F.2d 1109 (6th Cir. 1983), only if it appears beyond all doubt that the plaintiff can prove no set of facts which would entitle him to relief. Spruytte v. Walters, 753 F.2d 498, 500-01 (6th Cir. 1985).
 
 
 3
 In this case, the district court did make several factual and legal statements which were erroneous and which warrant vacation of its judgment and remand for further proceedings. The plaintiff did not state that he pleaded guilty to the charges for which he was arrested and detained for eighty-three days. At paragraphs numbered 55-56 of his complaint, the plaintiff stated that the state agreed to dismiss the felony charges and that it would instead seek to charge plaintiff with violating an officer's signal. With the dismissal of the charges after holding the plaintiff for eighty-three days, it is apparent that plaintiff has facially stated a cause of action for the deprivation of his liberty and property without due process.
 
 
 4
 In addition, it is pertinent to note that although appointed counsel in a state criminal case does not act under state law for purposes of establishing state action under Sec. 1983, an otherwise private person acts 'under color of state law' when he engages in a cnspiracy with state officials to deprive another of federal rights. Dennis v. Sparks, 449 U.S. 24 (1980). State court judges are also not immune from suits seeking injunctive and declaratory relief. Sevier v. Turner, 742 F.2d 262, 269 (6th Cir. 1984). Finally, it is also noted that courts may always review an award or denial of pauperis status subsequent to a ruling thereon to determine whether to revoke or grant pauperis status under changed circumstances. Collier v. Tatum, 722 F.2d 653, 655 (11th Cir. 1983); Braden v. Estelle, 428 F. Supp. 595 (S.D. Tex. 1977); Gift Stars, Inc. v. Alexander, 245 F. Supp. 697, 699 (S.D. N.Y. 1965). The district court should, therefore, on remand reexamine whether the plaintiff is still entitled to proceed as a pauper in light of his employment status.
 
 
 5
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellant Procedure. The plaintiff's motion for the appointment of counsel is, accordingly, denied and the district court's judgment is hereby vacated and the cause is remanded for further proceedings. Rule 9(d)(4), Rules of the Sixth Circuit.